Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**Wick Phillips Gould & Martin, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**Counsel for Highland Management Services, Inc.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § § § § | | **Chapter 11** |
| Debtor. § § § | | **Case No.: 19-34054-sgj11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § § § § | | |
| Plaintiff, § § | | |
| vs. § § | | **Adv. Pro. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** § § § § | | |
| Defendant. § | | |

## HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Highland Capital Management Services, Inc. ("HCMS" or "Defendant") files this Answer in response to Highland Capital Management L.P.'s ("Plaintiff" or "Debtor") Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate (the "Complaint") and respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1.  The first sentence of Paragraph 1 sets forth Plaintiff's objective in bringing the Complaint and does not require a response. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 1. The second sentence contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 1.

2.  Paragraph 2 contains a summary of the relief Plaintiff seeks and does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.  Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers constitutional authority on the Bankruptcy Court to adjudicate this dispute. Defendant denies any allegations in Paragraph 3 that are not expressly admitted.

4.  Paragraph 4 states a legal conclusion that does not require a response. To the extent a response is required, Defendant admits the Bankruptcy Court has statutory jurisdiction over this Adversary Proceeding but denies that the Court has constitutional authority over this Adversary Proceeding. Defendant denies any allegations in Paragraph 4 that are not expressly admitted.

5.  Defendant denies that Plaintiff's breach of contract claim is a core proceeding. Defendant further denies that a turnover proceeding under 11 U.S.C. § 542(b) is the appropriate mechanism to collect a contested debt. Defendant admits that a turnover proceeding under 11 U.S.C. § 542(b) is a statutorily core proceeding but denies that it is constitutionally core under *Stern v. Marshall*. Defendant does not consent to the Bankruptcy Court entering final orders or

---

[1] The headings herein are from Plaintiff's Complaint and are solely included for the Court's convenience.

judgment in this Adversary Proceeding. Defendant denies any allegations in Paragraph 5 that are not expressly admitted.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District.

## THE PARTIES

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

## CASE BACKGROUND

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

**A.    The HCMS Demand Notes**

13. Defendant admits it has executed at least one promissory note under which the Debtor is the payee. Defendant denies any allegations in Paragraph 13 that are not expressly admitted.

14. Defendant admits that it signed the document attached to the Complaint as Exhibit 1. Defendant denies any allegations in Paragraph 14 that are not expressly admitted.

15. Defendant admits that it signed the document attached to the Complaint as Exhibit 2. Defendant denies any allegations in Paragraph 15 that are not expressly admitted.

16. Defendant admits that it signed the document attached to the Complaint as Exhibit 3. Defendant denies any allegations in Paragraph 16 that are not expressly admitted.

17. Defendant admits that it signed the document attached to the Complaint as Exhibit 4. Defendant denies any allegations in Paragraph 17 that are not expressly admitted.

18. Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Complaint in Paragraph 18.

19. Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Complaint in Paragraph 19.

20. Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 of the Complaint in Paragraph 20.

**B.    Allegations regarding the Demand Notes**

21. Defendant admits that Plaintiff sent it a copy of Exhibit 5. Defendant admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of Paragraph 21. Defendant denies any allegations in Paragraph 21 that are not expressly admitted.

22. To the extent Paragraph 22 asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits the allegations in Paragraph 22.

23. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23 and, therefore, denies them.

24. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24 and, therefore, denies them.

25. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25 and, therefore, denies them.

26. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 26 and, therefore, denies them.

27. Defendant lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 27 and, therefore, denies them. Defendant denies the allegations in the second sentence of Paragraph 27 of the Complaint.

**C.     The HCMS Term Note**

28. Defendant admits that it has executed at least one promissory note under which Debtor is the payee. Defendant denies any allegations in Paragraph 28 that are not expressly admitted.

29. Defendant admits it signed the document attached to the Complaint as Exhibit 6. Defendant denies any allegations in Paragraph 29 that are not expressly admitted.

30. Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Complaint in Paragraph 30. Defendant denies any allegations in Paragraph 30 that are not expressly admitted.

31. Defendant admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Complaint in Paragraph 31. Defendant denies any allegations in Paragraph 31 that are not expressly admitted.

32. Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Complaint in Paragraph 32. Defendant denies any allegations in Paragraph 32 that are not expressly admitted.

33. Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Complaint in Paragraph 33. Defendant denies any allegations in Paragraph 33 that are not expressly admitted.

**D.     Allegations regarding the Term Note.**

34. To the extent Paragraph 34 of the Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff sent it a copy of Exhibit 7. Defendant admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of Paragraph 35 of the Complaint. Defendant denies any allegations in Paragraph 35 that are not expressly admitted.

36. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 36 of the Complaint and, therefore, denies them.

37. Defendant denies Paragraph 37 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (For Breach of Contract)

38. Paragraph 38 of the Complaint seeks to incorporate the allegations in the preceding paragraphs and does not require a response. Defendant incorporates all prior denials herein by reference.

39. Paragraph 39 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

40. Paragraph 40 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

41. Paragraph 41 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

42. Paragraph 42 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

43. Defendant denies Paragraph 43 of the Complaint.

44. Defendant denies Paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover by HCMS Pursuant to 11 U.S.C. § 549(b))

45. Paragraph 45 seeks to incorporate the allegations in the preceding paragraphs and does not require a response. Defendant incorporates all prior denials herein by reference.

46. Paragraph 46 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

47. Paragraph 47 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

48. Paragraph 48 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

49. Defendant admits that Plaintiff transmitted Exhibits 5 and 7 to the Complaint. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 49 of the Complaint and, therefore, denies them.

50. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 50 of the Complaint and, therefore, denies them.

51. Defendant denies Paragraph 51 of the Complaint.

52. Defendant denies that Plaintiff is entitled to the relief requested in the prayer of the Complaint, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

53. Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

54. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

55. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

56. Plaintiff's claims are barred in whole or in part by the doctrines of offset and/or setoff.

## JURY DEMAND

57. HCMS demands a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38 and Federal Rule of Bankruptcy Procedure 9015.

58. HCMS does not consent to the Bankruptcy Court conducting a jury trial and therefore demands such jury trial in the District Court.

## PRAYER

For these reasons, HCMS respectfully requests that, following a trial on the merits, the Court deny the relief Plaintiffs seeks through its Complaint, enter a judgment that the Plaintiff take nothing on the Complaint, and grant HCMS such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email: jason.rudd@wickphillips.com
 lauren.drawhorn@wickphillips.com

**COUNSEL FOR HIGHLAND MANAGEMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn