Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT SERVICES, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| | § | **Case No.: 19-34054-sgj11** |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Pro. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S BRIEF
## IN SUPPORT OF ITS MOTION TO WITHDRAW THE REFERENCE

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................III

I. INTRODUCTION ........................................................................................................1

II. RELEVANT BACKGROUND...................................................................................3
    A.     The Bankruptcy Case ...................................................................................3
    B.     The HCMS Proof of Claim ..........................................................................3
    C.     This Adversary Proceeding...........................................................................4

III. ARGUMENTS AND AUTHORITY ..........................................................................5
    A.     Defendant demands a jury trial and does not consent to a jury trial in the Bankruptcy Court.............................................................................................7
    B.     HCMS has not a waived its' jury trial right or right to Article III adjudication. .........................................................................................................................9
    C.     The Bankruptcy Court does not have constitutional authority to enter a final judgment in this Adversary Proceeding. ....................................................11
    D.     The remaining applicable *Holland* factors favor withdrawal. ................12
    E.     The District Court is best suited to conduct pretrial proceedings as well as hear the sole pending and determinative breach of contract claim...............16

IV. CONCLUSION..........................................................................................................17

CERTIFICATE OF SERVICE ........................................................................................18

## <u>TABLE OF AUTHORITIES</u>

*Cases*

*Bleecker v. Standard Fire Inc. Co.*,
   130 F. Supp. 2d 726 (E.D.N.C. 2000)..................................................................... 10
*Bowles v. Bennett*,
   629 F.2d 1092 (5th Cir.1980) ................................................................................. 10
*BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*,
   735 F.3d 279 (5th Cir. 2013) ................................................................................... 12
*Case Energy Servs., LLC v. Padco Energy Servs., LLC*,
   No. CV 17-1043, 2017 WL 4544719 (W.D. La. Oct. 11, 2017) ........................ 9, 10
*Curtis v. Cerner Corp.*,
   No. 7:29-CV-00417, 2020 WL 1983937 (S.D. Tex. Apr. 27, 2020)...................... 16
*Dimick v. Schiedt*,
   293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935).................................................. 10
*Granfinanciera, S.A. v. Norberg*,
   492 U.S. 33 (1989)............................................................................................. 7, 12
*Holland Am. Ins. Co. v. Succession of Roy*,
   777 F.2d 992 (5th Cir. 1985) .................................................................................... 6
*In re Align Strategic Partners LLC*,
   No. 16-35702, 2019 WL 2527221 (Bankr. S.D. Tex. Mar. 5, 2019)...................... 14
*In re Bella Vita Custom Homes*,
   No. 16-34790-BJH, 2018 WL 2966838 (N.D. Tex. May 29, 2018).......................... 8
*In re Brown Med. Ctr., Inc.*,
   No. BR 15-3229, 2016 WL 406959 (S.D. Tex. Feb. 3, 2016)................................. 16
*In re CBI Holding Co.*,
   529 F.3d 432 (2d Cir. 2008)...................................................................................... 9
*In re Gulf States Long Term Acute Care of Covington, L.L.C.*,
   455 B.R. 869 (E.D. La. 2011) ................................................................................. 14
*In re Guynes Printing Co. of Tex., Inc.*,
   No. 15-CV-149-KC, 2015 WL 3824070 (W.D. Tex. June 19, 2015) ..................... 16
*In re Keener*,
   No. 03-44804, 2008 WL 912933 (Bankr. S.D. Tex. Apr. 2, 2008) .......................... 8
*In re Lapeyre*,
   No. CIV. A. 99-1312, 1999 WL 486888 (E.D. La. July 8, 1999) .......................... 13
*In re Lopez*,
   No. 09-70659, 2017 WL 3382099 (Bankr. S.D. Tex. Mar. 20, 2017)..................... 14
*In re MPF Holding US LLC*,
   No. 08-36084-H4-11, 2013 WL 12146958 (Bankr. S.D. Tex. Apr. 26, 2013)................... 6, 15
*In re Royce Homes, LP*,
   578 B.R. 748 (Bankr. S.D. Tex. 2017) ................................................................... 14
*In re Satelco, Inc.*,
   58 B.R. 781 (Bankr. N.D. Tex. 1986) ......................................................................8
*In re Sentry Operating Co. of Texas, Inc.*,
   273 B.R. 515 (Bankr. S.D. Tex. 2002)  ..................................................................10

*In re Soundview Elite Ltd.,*
   543 B.R. 78 (Bankr. S.D.N.Y. 2016) ............................................................... 8
*McAfee v. U.P. Martin,*
   63 F.3d 436 (5th Cir.1995) ......................................................................... 10
*McManus-Wyatt Produce Co. v. Tex. Dep't of Agric. Produce Recovery Fund Bd.,*
   140 S.W.3d 826 (Tex. App. 2004)................................................................. 7
*Mirant Corp. v. The Southern Co.,*
   337 B.R. 107 (N.D. Tex. Jan. 10, 2006) ...................................................... 15
*NuVan Tech., Inc. v. Cottrell, Inc.,*
   No. 01-49589-DML-11, 2003 WL 23785355 (Bankr. N.D. Tex. Oct. 14, 2003) ................... 12
*Perlman v. Wells Fargo Bank, N.A.,*
   No. 10-81612-CV, 2012 WL 12854876 (S.D. Fla. Apr. 3, 2012) ................................. 10
*Schott, Tr. for Est. of InforMD, LLC v. Massengale,*
   618 B.R. 444 (M.D. La. 2020)................................................................... 10
*Stern v. Marshall,*
   564 U.S. 462, 131 S.Ct. 2594 (2011).................................................... 9, 11, 12
*Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd.,*
   Adv. No. 13-40332013 WL 5758632, (E.D. Tex. Bankr. Sept. 27, 2013) ......................... 13
*Tow v. Speer,*
   No. 09-32467-H4-7, 2011 WL 13340482 (Bankr. S.D. Tex. Oct. 13, 2011) ..................... 12
*U.S. Bank Nat. Ass'n. v. Verizon Comm. Inc.,*
   761 F.3d 409 (5th Cir. 2014) ............................................................... 9, 10
*Veldekens v. GE HFS Holdings, Inc.,*
   362 B.R. 762 (S.D. Tex. 2007) ................................................................ 14
*Waldman v. Stone,*
   698 F.3d 910 (6th Cir. 2012) ................................................................ 12
*Wellness Int'l Network, Ltd. v. Sharif,*
   575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015)......................................... 12

**Statutes**

11 U.S.C. § 542(b) ...................................................................... 4, 8
28 U.S.C. § 157(a) ......................................................................... 1
28 U.S.C. § 157(b)(2) ...................................................................... 8
28 U.S.C. § 157(c)(1)...................................................................... 15
28 U.S.C. § 157(d) ...................................................................... 1, 5
28 U.S.C. § 157(e) ........................................................................ 11
28 U.S.C. § 1334(a), (b) ................................................................... 1
28 U.S.C. §§ 157(d) and (e) ............................................................... 1

**Rules**

Federal Rule of Bankruptcy Procedure 5011 .................................................. 1
Fed. R. Bankr. P. 9033(a), (d)............................................................. 15

Defendant Highland Capital Management Services, Inc. ("HCMS" or "Defendant") files this Brief in Support of its Motion seeking to withdraw the reference of Highland Capital Management L.P.'s ("Plaintiff" or "Debtor") Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate (the "Complaint") from the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") to the United States District Court for the Northern District of Texas (the "District Court") under 28 U.S.C. §§ 157(d) and (e), Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1.[1] In support of its Motion, and respectfully states as follows:

## I. INTRODUCTION

1.      Federal district courts have original and exclusive jurisdiction of civil cases under title 11 and original but not exclusive jurisdiction of proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(a), (b). District courts can refer these cases and proceedings to the bankruptcy court within that district. 28 U.S.C. § 157(a). This Adversary Proceeding is referred to the Bankruptcy Court under a local order of the United States District Court for the Northern District of Texas. *Ord. of Reference of Bankr. Cases and Proc. Nunc Pro Tunc, In re Misc. Ord*. No. 33, No. 3:04-MI-00033 (N.D. Tex. Oct. 4, 1982) (the "Reference Order").

2.      Defendant respectfully requests the United States District Court for the Northern District of Texas, Dallas Division withdraw the Reference Order as to the above-referenced Adversary Proceeding for all purposes, including all pre-trial matters, under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and the Northern District of Texas Local

---

[1]   This motion for withdrawal "shall be heard by a district judge;" however, under Local Bankruptcy Rule 5011-1(a), the motion must be filed with the Clerk of the Bankruptcy Court.  Fed. R. Bankr. P. 5011(a); L.B.R. 5011-1(a). Accordingly, this motion is addressed to the District Court, but filed in the Bankruptcy Court.

Bankruptcy Rule 5011-1(a). Defendant has a constitutional right to a jury trial under the Seventh Amendment if a trial is necessary. Defendant does not consent to the Bankruptcy Court conducting a jury trial in this Adversary Proceeding and does not consent to the Bankruptcy Court entering final orders or judgments in this Adversary proceeding. In addition, Defendant respectfully requests that the reference be withdrawn immediate because: (1) the Bankruptcy Court has not yet decided any substantive matters related to these claims; (2) the inherent nature of the state law breach of contract claim is not within the specialized expertise of the Bankruptcy Court; and (3) efficiency and expediency would be served by obviating the need for two courts to become familiar with this matter, when the District Court can efficiently and cost-effectively address the pretrial matters and jury trial on the foundational breach of contract issue.

3. The Bankruptcy Court already determined it should recommend the reference be withdrawn in three similar adversary proceedings in which the Debtor asserts breach of contract and turnover claims based on certain demand and term notes. *Highland Capital Management LP v. Dondero*, Adv. No. 21-03003; *Highland Capital Management LP v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004; *Highland Capital Management LP v. NexPoint Advisors LP*, Adv. No. 21-03005.[2] The claims, facts, and circumstances surrounding those adversary proceedings and motions to withdraw the reference are substantially similar to the claims, facts, and circumstances here. As such, Defendant respectfully requests the Bankruptcy Court determine the reference should similarly be withdrawn here.

---

[2] The Bankruptcy Court concluded it would follow the "usual protocol" and recommend that the reference only be withdrawn at such time as the matters are trial ready and therefore recommend the District Court defer to the bankruptcy judge to handle all pretrial matters. Defendant respectfully requests that, due to the nature of this Adversary Proceeding and the underlying issues, it would be beneficial to all parties and a more effective use of the parties' and Court's time to have the District Court withdraw the reference for pretrial matters as well as opposed to having to revisit potentially every order the Bankruptcy Court enters in the interim before trial.

## II. RELEVANT BACKGROUND

### A. The Bankruptcy Case

4. On October 16, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") commencing this Bankruptcy Case in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). On October 29, 2019, the Delaware U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). On December 4, 2019, the Delaware Bankruptcy Court entered an Order transferring venue of this Bankruptcy Case to the United States Bankruptcy Court for the Northern District of Texas.

5. On November 24, 2020, the Debtor filed its *Disclosure Statement* [Dkt. No. 1473] (the "Disclosure Statement") for the *Fifth Amended Plan of Reorganization* [Dkt. No. 1472, as modified Dkt. No. 1808] (the "Plan"). The Bankruptcy Court approved the Disclosure Statement on November 24, 2020 [Dkt. No. 1476] and set a hearing to consider the confirmation of the Plan on January 14, 2021, which was continued to January 26, 2021, and then again to February 2, 2021. On February 22, 2021, after a hearing, the Bankruptcy Court entered its *Order Confirming the Plan* [Dkt. No. 1943] (the "Confirmation Order").[3] The Confirmation Order is currently on appeal.

### B. The HCMS Proof of Claim

6. On April 23, 2020, HCMS filed Proofs of Claim No. 175 and 176 asserting a claim consisting of potential claims relating to post-petition actions or inactions of the Debtor as fund investment manager in managing certain funds in which HCMS is an investor (collectively, the "Proofs of Claim").[4] On July 30, 2020, the Debtor filed its *First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-*

---

[3] App. 087-248 (Order Confirming Fifth Amended Plan of Reorganization).
[4] App. 070-081 (Proofs of Claim Nos. 175 & 176).

*Liability Claims; and (F) Insufficient-Documentation Claims* [Dkt. No. 906] ("First Omnibus Objection"), including objections to the HCMS Proofs of Claim. On October 20, 2020, the Court entered its *First Supplemental Order Sustaining First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Order on First Omnibus Objection"), which, among other things, disallowed the HCMS Proofs of Claim in their entirety.[5] Accordingly, the HCMS Proofs of Claim have been resolved since October 20, 2020, and HCMS no longer holds a claim against the Debtor's bankruptcy estate.

## C.     This Adversary Proceeding

7.      On January 22, 2021, the Debtor filed its Complaint initiating the above-referenced Adversary Proceeding against Defendant. In the Complaint, the asserting two causes of action: (i) the state law, non-core breach of contract claim, and (ii) asserting turnover under 11 U.S.C. § 542(b). The Complaint alleges Defendant breached four demand notes in the aggregate principal amount of $900,000 and one term note in the aggregate principal amount of $20,247,628.02.[6]

8.      Defendant's counsel accepted service of the Complaint on February 1, 2021, and the parties agreed that Defendant's deadline to answer or otherwise respond to the Complaint was March 3, 2021. Defendant filed its Answer on March 3, 2021, expressly stating it did not consent to the Bankruptcy Court entering final orders or judgment, that it did not consent to the Bankruptcy Court conducting a jury trial, and that it demanded a jury trial. [Dkt. No. 6, ¶¶ 3-5, 57, 58].[7]

9.      On May 10, 2021, Defendant filed its Motion for Leave to Amend its Answer, seeking to add in two affirmative defenses, among other things. [Dkt. No. 15].[8] The hearing on

---

[5]   App. 082-086 (Order on First Omnibus Objection).
[6]   App. 001-038 (Complaint).
[7]   App. 039-048 (Answer).
[8]   App. 049-069 (Motion for Leave).

Defendant's Motion for Leave is set for June 10, 2021. Defendant again states in its proposed First Amended Answer that it does not consent to the Bankruptcy Court entering final orders or judgment, that it does not consent to the Bankruptcy Court conducting a jury trial and demanding a jury trial. [Dkt. No. 15-1, ¶¶ 3-5, 58-59].[9]

10.     Because this Adversary Proceeding involves the non-core proceeding of a state law breach of contract claim, for which Defendant is entitled to a jury trial, the result of Plaintiff's breach of contract claim wholly controls the determination of Plaintiff's turnover claim. As such, the claims asserted by the Debtor arise under state law and because, at a minimum, the District Court will be conducting a *de novo* review, cause exists for permissive withdrawal of the reference for the entire Adversary Proceeding.

## III.  ARGUMENTS AND AUTHORITY

11.     Under the Reference Order, "any and all cases under Title 11 and any all proceeding arising under Title 11 or arising in or related to a case under Title 11 … which may be filed herein hereafter … be and they hereby are referred to the Bankruptcy Judges of this District for consideration and resolution consistent with law." However, 28 U.S.C. § 157(d) authorizes the district court to withdraw the reference in certain circumstances: "[t]he district court may withdraw, in whole or in party, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

12.     The Fifth Circuit has set forth a number of factors to consider in determining whether to withdraw the reference for cause, including: (i) whether the proceeding involves core or non-core issues; (ii) whether a party has demanded a jury trial; (iii) whether the withdrawal would promote uniformity in bankruptcy administration; (iv) whether the withdrawal reduces

---

[9]  App. 058-067 (Motion for Leave, Ex. A).

forum shopping; (v) whether the withdrawal would foster the economical use of the debtors' and creditors' resources; and (vi) whether the withdrawal would expedite the bankruptcy process. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).[10]

13.      Here, the factors support the District Court withdrawing the reference for this Adversary Proceeding. The Bankruptcy Court does not have constitutional authority to enter a final judgment in this action without the consent of Defendant. More importantly, Defendant has a right to a jury trial. Not only do the *Holland* factors militate in favor of withdraw of the reference, but courts within this Circuit recognize that the right to a jury trial should be given substantial weight in undertaking an analysis of withdrawal of the reference. *In re MPF Holding US LLC,* No. 08-36084-H4-11, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013). For these reasons, the District Court should grant this Motion, withdraw the reference as to this Adversary Proceeding, and hear all matters in connection with the Adversary Proceeding.

---

[10]  L.B.R. 5011-1 provides that the Bankruptcy Court conduct a status conference upon motions to withdraw reference and after such conference the Bankruptcy Court shall prepare a report and recommendation to the District Court. At the status conference the Bankruptcy Court shall consider:

(1) whether any response to the motion to withdraw the reference was filed;
(2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
(3) whether the proceeding is core or non-core, or both and with regard to the noncore and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge;
(4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial;
(5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;
(6) whether a scheduling order has been entered in the proceeding;
(7) whether the parties are ready for trial;
(8) whether the bankruptcy judge recommends that
            (A) the motion be granted,
            (B) the motion be granted upon certification by the bankruptcy judge that the
            parties are ready for trial,
            (C) the motion be granted but that pre-trial matters be referred to the
            bankruptcy judge, or
            (D) the motion be denied; and
(9) any other matters relevant to the decision to withdraw the reference.

*See* L.B.R. 5011-1(a).

A.     **Defendant demands a jury trial and does not consent to a jury trial in the Bankruptcy Court.**

14.     Under applicable law, the Defendant has a right to a jury trial on the Debtor's breach of contract claim. The Seventh Amendment provides the right to a jury trial in cases where the amount in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to one which was tried at law (as opposed to equitable suits) in the late 18th century English courts. *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989). This analysis requires (i) a comparison of the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity and (ii) a determination as to whether the remedy sought is legal or equitable in nature. *Id*. at 42. The second prong is considered the more significant of the two. *Id*.

15.     Count I of the Complaint asserts a breach of contract claim on various demand and term notes between the Plaintiff and Defendant (the "<u>Notes</u>"). All of the Notes are "governed by the laws of the United States of America and by the laws of the State of Texas . . . ."[11] The Texas Constitution guaranties a party to a contract a jury trial, and Defendant is therefore entitled to a jury trial on Plaintiff's breach of contract claim. *McManus-Wyatt Produce Co. v. Tex. Dep't of Agric. Produce Recovery Fund Bd.*, 140 S.W.3d 826, 833 (Tex. App. 2004) (holding the Texas Constitution, at Art. 1, §15, and by practice previously, provides a right to jury trial in breach of contract cases, such that a party's "right to defend against [a breach of contract claim], and to bring its own claim for breach of contract, were established rights that could be tried to a jury before the enactment of our constitution in 1876.").

---

[11]   App. 013-024; 029-032 (Complaint, Exs. 1-4, 6).

16.     In addition, Plaintiff's breach of contract claim is non-core proceeding. A claim involving a pre-petition contract (even if the alleged breach is post-petition) is not a core proceeding. *In re Keener*, No. 03-44804, 2008 WL 912933, at *3 (Bankr. S.D. Tex. Apr. 2, 2008) (where a contract entered pre-petition was allegedly breached post-petition, the bankruptcy court, assessing 28 U.S.C. § 157(b)(2), determined the breach of contract claim to be non-core); *In re Bella Vita Custom Homes*, No. 16-34790-BJH, 2018 WL 2966838, at *2 (N.D. Tex. May 29, 2018), report and recommendation adopted sub nom. *In re Bella Vita Custom Homes, LLC*, No. 3:18-CV-0994-N, 2018 WL 2926149 (N.D. Tex. June 8, 2018) (holding the sole cause of action is a breach of contract claim against a non-debtor, which is non-core under 28 U.S.C. § 157(b)(2)). While Plaintiff also asserts a turnover claim under Bankruptcy Code section 542(b)— which, if free-standing, is a core claim—such claim is wholly derivative of the breach of contract claim and, thus, does not magically transform the non-core matter to a core matter. Instead, it is improper to bring a turnover claim "as a Trojan Horse for bringing garden variety contract claims . . ." *In re Soundview Elite Ltd.*, 543 B.R. 78, 97 (Bankr. S.D.N.Y. 2016) (citation omitted); *see also, Satelco, Inc.*, 58 B.R. 781, 786 (Bankr. N.D. Tex. 1986) ("Unless and until Debtor's claims against the defendants are liquidated in a court of competent jurisdiction or by agreement, they cannot be enforced here through a turnover order.").

17.     For example, in *In re Soundview Elite Ltd.*, 543 B.R. 78, 82 (Bankr. S.D.N.Y. 2016), the trustee sought turnover of the debtor's investment in the debtor's wholly owned company. When determining whether the bankruptcy court had the constitutional authority to hear the turnover claim, the SDNY found, that while this "matter [was] close" on this issue, the trustee using turnover to pursue non-core claims was constitutionally inappropriate given *Stern*, in substantial part because the amount to be turned over was uncertain. *Id.* at 97-8.

18.     Here the amount to be turned over is similarly uncertain because it depends on the resolution of the breach of contract claim. The result is that Count I must be tried before a jury, in District Court, to determine what, if any, balance is owed, the result directly driving the turnover claim. Compounding the above with Defendant's clear demand for a jury trial, and express lack of consent to the Bankruptcy Court entering final orders or holding a jury trial, the result is the first two factors under *Granfinanciera* are undoubtedly met.

**B.     HCMS has not a waived its' jury trial right or right to Article III adjudication.**

19.     In the Bankruptcy Case, HCMS filed proofs of claim, but the Debtor's First Omnibus Objection and Court's Order on First Omnibus Objection resolved the Proofs of Claim such that the claim amount is $00.00. However, the mere filing of a proof of claim does not constitute a waiver of the right to trial by jury. Filing "a proof of claim is a necessary but not sufficient condition to forfeiting a creditor's right to a jury trial." *In re CBI Holding Co*., 529 F.3d 432, 460 (2d Cir. 2008). "Rather, a creditor loses its jury trial right ***only with respect to claims whose resolution affects the allowance or disallowance of the creditor's proof of claim***." *Id*. (emphasis added); *accord Stern,* 564 U.S. 462, 499, 131 S.Ct. 2594 (2011) (stating in the Article III context that "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."); *see also U.S Bank*, 761 F.3d at 418 (the right to a jury is waived where the resolution of a creditor's a claim "[would] necessarily require resolution" of a creditor's claims against the debtor). As a court in this Circuit recently explained, the Fifth Circuit has interpreted *Stern* not to mean that a chapter 5 cause of action was integrally related to the restructuring of the debtor-creditor relationship simply because the creditor filed a claim. *Case Energy Servs., LLC v. Padco Energy Servs., LLC*, No. CV 17-1043, 2017 WL 4544719, at *5 (W.D. La. Oct. 11, 2017) (interpreting *U.S. Bank* and *Stern*). Rather, "to

decide whether a creditor is entitled to a jury trial, courts must examine whether the resolution of the creditor's proofs of claim will necessarily require the resolution of the debtor's claims against the creditor." *Id*. (citing to *U.S. Bank Nat. Ass'n. v. Verizon Comm. Inc.*, 761 F.3d 409, 418-19 (5th Cir. 2014)).

20.     Applying this precedent, to determine if a jury right was extinguished with the filing of a proof of claim, courts within this Circuit consider "in relevant part: whether the proofs of claim had been resolved, and, if not, whether their resolution would necessarily require the resolution of the debtor's fraudulent transfer claims (asserted by the Trustee)." *Schott, Tr. for Est. of InforMD, LLC v. Massengale*, 618 B.R. 444, 451–52 (M.D. La. 2020) (citing to *U.S. Bank,* 761 F.3d at 418). In addition, the right to a jury trial is evaluated claim by claim rather than for a case in its entirety. *See, e.g., Bleecker v. Standard Fire Inc. Co*., 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000); *Perlman v. Wells Fargo Bank, N.A*., No. 10-81612-CV, 2012 WL 12854876, at *3 (S.D. Fla. Apr. 3, 2012); *In re Sentry Operating Co. of Texas, Inc*., 273 B.R. 515 (Bankr. S.D. Tex. 2002) (explaining that a creditor retains a jury trial right "with respect to any issue" not part of its filed pleading). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir.1980) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)). Thus, courts should "indulge every reasonable presumption against waiver" and waiver should not be found in a "doubtful situation." *McAfee v. U.P. Martin*, 63 F.3d 436, 437 (5th Cir.1995) (quoting Bowles, 629 F.2d at 1095).

21.     Here, while HCMS filed the Proofs of Claim, the Proofs of Claim have already been fully resolved and, therefore, resolution of the Plaintiff's affirmative claims against HCMS

cannot involve the allowance of claims process and the HCMS Proofs of Claim have no effect upon this Adversary Proceeding. Defendant has a right to a jury trial and does not consent to the Bankruptcy Court conducting a jury trial. 28 U.S.C. § 157(e) (permitting a bankruptcy judge to conduct a jury trial if the judge is specifically designated to exercise such authority by the district court, but only with the express consent of all the parties). Nor has Defendant waived its right to an Article III adjudication. The Bankruptcy Court has recently determined that these circumstances, in similar adversary proceedings brought by the same Debtor, were sufficient to recommend the District Court withdraw the reference. *Highland Capital Management LP v. Dondero*, Adv. No. 21-03003; *Highland Capital Management LP v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004; *Highland Capital Management LP v. NexPoint Advisors LP*, Adv. No. 21-03005.

**C.     The Bankruptcy Court does not have constitutional authority to enter a final judgment in this Adversary Proceeding.**

22.     The Bankruptcy Court does not have the constitutional authority to enter a final judgment in this action because determination of the Plaintiff's claims cannot be involved in the claims-allowance process.

23.     In *Stern v. Marshall*, the United States Supreme Court held that even though bankruptcy courts are statutorily authorized to enter final judgment on certain types of bankruptcy related claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those claims. 564 U.S. 462. Because there is no claim allowance or disallowance process related to HCMS' Proofs of Claim, the Plaintiff's claims are *Stern*-type claims. *Id.*

24.     *Stern* clarified that "*Langenkamp* ... explained ... that a preferential transfer claim can be heard in bankruptcy when the allegedly favored creditor has filed a claim, because then the ensuing preference action by the trustee become[s] integral to the restructuring of the debtor-

creditor relationship." *Id*. But, in *Stern*, "there was never any reason to believe that the process of adjudicating [the creditor's] proof of claim would necessarily resolve [the debtor's] counterclaim." *Id*. In fact, in *Stern* the non-estate party had filed a claim that had been resolved by summary judgment (against the claimant); in this case the HCMS proof of claim was likewise determined to be in an amount of $00.00. The *Stern* court maintained the rights of the party against whom the estate representative was proceeding to Article III adjudication, which is what Defendant here seeks.

25. Here, Plaintiff pleads state law claims at common law which are not integral to the restructuring of debtor-creditor relations. *Granfinanciera*, 492 U.S. at 58-59. While the Plaintiff's claims would augment the bankruptcy estate, the claims will not necessarily be resolved in the claims allowance process and therefore, the Bankruptcy Court is constitutionally prohibited from entering a final judgment. *BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*, 735 F.3d 279, 286 (5th Cir. 2013) (quoting *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012)).

26. The Defendant does not consent to the Bankruptcy Court entering final orders on these claims. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015) (explaining that "consent—whether express or implied—must still be knowingly and voluntary"). There has been no knowing or voluntary consent by the Defendant, and as such, the Bankruptcy Court cannot enter final orders on the Plaintiff's claims.

**D.  The remaining applicable *Holland* factors favor withdrawal.**

27. As discussed above, in its Answer (and Amended Answer if leave to amend is granted) Defendant demands a jury trial and Article III adjudication. Therefore, this factor mandates withdrawal of the reference. *See e.g. Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*, No. 01-49589-DML-11, 2003 WL 23785355, at *4 (Bankr. N.D. Tex. Oct. 14, 2003) ("[T]his court is convinced that Plaintiff's claims must be heard by an Article III court and that the

reference must be withdrawn."); *Tow v. Speer (In re Royce Homes, L.P.)*, No. 09-32467-H4-7, 2011 WL 13340482, at *5 (Bankr. S.D. Tex. Oct. 13, 2011) (noting that a valid jury demand is a "crucial factor" in a *Holland* analysis); *In re Lapeyre*, No. CIV. A. 99-1312, 1999 WL 486888, at *3 (E.D. La. July 8, 1999) ("[T]he inability of a bankruptcy court to hold a jury trial in a related matter is sufficient ground for a district court to withdraw reference…"). Analysis of the other factors—uniformity, forum shopping, and efficiency—also support withdrawal of the reference.

28.     Withdrawing the reference would not at all undermine uniformity in the administration of the bankruptcy. While the Bankruptcy Court may be familiar with certain of the parties, and of the business of the Debtor, it is not familiar with the facts of this Adversary Proceeding. As of the date of this filing, no hearings have been held in this matter; no scheduling orders have been issued.  Not even all defendants have been served. No evidentiary hearings have been held or motions on the merits of the claims in the Adversary Proceeding have been filed to allow the Bankruptcy Court to gain familiarity with the underlying facts in the Adversary Proceeding.  S*ee Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.)*, Case No. 11-43725, Adv. No. 13-40332013 WL 5758632, at *2 (E.D. Tex. Bankr. Sept. 27, 2013), report and recommendation adopted, 11-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013) ("[t]he claims in the Adversary Proceeding are predominantly based on state law, and there are no claims under federal bankruptcy law. Thus, the District Court's determination of the merits of these claims should not undermine any concerns for the uniformity of bankruptcy administration."). In addition, the Bankruptcy Court recommended the reference be withdrawn in several similar

adversary proceedings in which the Debtor asserts breach of contract and turnover in connection with certain demand and term notes.[12]

29.     While it is true that any motion to withdraw the reference is "'[i]n some sense . . . forum shopping[,] . . . '[a] good faith claim of right, even when motivated (at least in part) by a desire for a more favorable decision maker, should not on that basis alone be denied as forum shopping.'" *In re Royce Homes, LP*, 578 B.R. 748, 761 (Bankr. S.D. Tex. 2017) (citation omitted). The critical focus is whether the movant is engaging in bad faith or improper forum shopping by, for example, "'lay[ing] behind the log' to determine how [the Bankruptcy Court] would rule before filing its motion to withdraw the reference." *Id*. "A good faith claim of right ... should not on that basis alone be denied as forum shopping." *Veldekens v. GE HFS Holdings, Inc*., 362 B.R. 762 (S.D. Tex. 2007) (quoted in Royce Homes, Adv. No. 11–03191. Adv. Doc. No. 201, p. 7, ¶ 3). Here, Defendant has a good faith right to a jury trial in the District Court. *In re Align Strategic Partners LLC*, No. 16-35702, 2019 WL 2527221, at *4 (Bankr. S.D. Tex. Mar. 5, 2019). Given the early stage of this adversary proceeding, Defendant is plainly not engaging in bad faith or improper forum shopping. *Compare In re Royce Homes, LP,* 578 B.R. at 761 (where party moved quickly to withdraw the reference, before any substantive rulings had been made, party did not engage in bad faith forum shopping) *with In re Lopez*, No. 09-70659, 2017 WL 3382099, at *10 (Bankr. S.D. Tex. Mar. 20, 2017) (holding that confusion was more likely if reference was withdrawn when defendant did not move to withdraw the reference until over one year after adversary proceeding was filed).

---

[12]  *Highland Capital Management L.P. v. James D. Dondero*, Adv. No. 21-03003, [Dkt. No. 53]; *Highland Capital Management L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004, [Dkt. No. 36]; *Highland Capital Management L.P. v. NexPoint Advisors, L.P.*, Adv. No. 21-03005, [Dkt. No. 30].

30.     Concerns of judicial efficiency weigh in favor of withdrawing the reference. First, because there will be a jury trial, it will be more efficient for the District Court to handle pretrial matters so as to be fully acquainted with the case as it makes it way to trial in this District Court. *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 878 (E.D. La. 2011). Second, because of the jury trial rights of Defendant, the Bankruptcy Court cannot hear the *Stern*-claims presented in the Adversary Proceeding, as proposed findings of fact and conclusions of law on the merits is antithetical to the right to trial by jury. FED. R. BANKR. P. 9033(a), (d). While the Plaintiff's turnover claim may be core, the turnover claim is the sidecar to Plaintiff's breach of contract claim, in that the turnover claim only goes where the jury on the breach of contract claim goes. Having the District Court adjudicate the breach of contract claim while the Bankruptcy Court simultaneously hears the turnover claim is an inefficient, impractical, and expensive path forward. On the other hand, having the Bankruptcy Court adjudicate both the non-core, state law, breach of contract claim, and the turnover claim would violate applicable law, as cited earlier in this motion. In addition, the Bankruptcy Court would need to submit its recommended findings of fact and conclusions of law on the entirely pivotal breach of contract claim to the District Court, which would then conduct a *de novo* review. 28 U.S.C. § 157(c)(1). Thus, the only practical and cost-effective manner of proceeding is for the District Court to conduct a jury trial on Plaintiff's non-core, breach of contract claim, which will ultimately determine the viability of the turnover claim is wholly dependent on the verdict. *In re MPF Holding US, LLC*, No. 08–36084–H4–11, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013) (recommending withdrawal, and noting "immediate withdrawal of [the] reference will serve the interests of judicial economy" because it would allow the District Court to familiarize itself with the matter).

31. Finally, the Debtor's Plan has been confirmed. As such, the "expediting-the-bankruptcy-process factor" is irrelevant. *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 123 (N.D. Tex. Jan. 10, 2006) (where the bankruptcy judge had already confirmed the reorganization plan, the "expediting-the-bankruptcy-process factor" was not relevant to the withdrawal decision). Consideration of the *Holland* factors evidence a need to withdraw the reference in this Adversary Proceeding. Again, as mentioned above, the Bankruptcy Court has recently determined that it would recommend the District Court withdraw the reference in three similar adversary proceedings. *Highland Capital Management LP v. Dondero*, Adv. No. 21-03003; *Highland Capital Management LP v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004; *Highland Capital Management LP v. NexPoint Advisors LP*, Adv. No. 21-03005.

**E.  The District Court is best suited to conduct pretrial proceedings as well as hear the sole pending and determinative breach of contract claim.**

32. While the District Court has discretion to allow the Bankruptcy Court to preside over pretrial proceedings, with the District Court then trying the jury, it would be most efficient for the District Court to conduct all pretrial proceedings. (*In re Guynes Printing Co. of Tex., Inc.*, No. 15-CV-149-KC, 2015 WL 3824070, at *3 (W.D. Tex. June 19, 2015)). Courts consider the following factors when determining whether the District Court should retain all pretrial matters: (i) does referral promote judicial efficiency; (ii) is the Bankruptcy Court familiar with the allegations; and (iii) do the allegations require interpretation of federal bankruptcy law. *See Curtis v. Cerner Corp.*, No. 7:29-CV-00417, 2020 WL 1983937, at *5 (S.D. Tex. Apr. 27, 2020); *see also In re Brown Med. Ctr., Inc.*, No. BR 15-3229, 2016 WL 406959, at *2 (S.D. Tex. Feb. 3, 2016) (exercising its discretion to retain all pretrial matters as a means to maintain an active role in the case, gain familiarity with the issues that will be presented for trial, and ensure the efficient use of

judicial resources). These factors weigh heavily toward the District Court withdrawing the pretrial matters.

33.     First, because the breach of contract claim is dispositive of the turnover claim, and the breach of contract claim requires a jury trial, it is most efficient for the District Court to hear the case from the start. Second, the Bankruptcy Court has not yet decided any substantive issues on this Adversary Proceeding; therefore, the Bankruptcy Court is no more familiar with the substance of the matter than the District Court can be in relatively short order. Third, there is no particular area of bankruptcy law expertise required.

## IV.  CONCLUSION

For these reasons, HCMS respectfully requests that the District Court grant its Motion, withdraw the reference of the Adversary Proceeding from the Bankruptcy Court, and grant it such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR HIGHLAND MANAGEMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn