Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § § § | **Chapter 11** |
| | § | **Case No.: 19-34054-sgj11** |
| Debtor. | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **Adv. Pro. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § § § § | |
| Defendant. | § | |

### DEFENDANT'S EXPEDITED MOTION TO STAY PENDING RESOLUTION OF MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING

Defendant Highland Capital Management Services, Inc. ("HCMS" or "Defendant") files this Motion and respectfully requests the Court enter an order staying this Adversary Proceeding pending resolution of its Motion to Withdraw the Reference [Dkt. 19]. In support of this Motion to Stay, Defendant respectfully states as follows:

## I. INTRODUCTION

1. On January 22, 2021, the Debtor filed its Complaint initiating the above-referenced Adversary Proceeding against Defendant. In the Complaint, the asserting two causes of action: (i) the state law, non-core breach of contract claim, and (ii) asserting turnover under 11 U.S.C. § 542(b). The Complaint alleges Defendant breached four demand notes in the aggregate principal amount of $4,250,000 and one term note in the aggregate principal amount of $6,059,831.51.

2. Defendant filed its Answer on March 3, 2021, expressly stating it did not consent to the Bankruptcy Court entering final orders or judgment, that it did not consent to the Bankruptcy Court conducting a jury trial, and that it demanded a jury trial. [Dkt. No. 6, ¶¶ 3-5, 57, 58]. On May 10, 2021, Defendant filed its Motion for Leave to Amend its Answer, seeking to add in two affirmative defenses, among other things. [Dkt. No. 15]. The hearing on Defendant's Motion for Leave is set for June 10, 2021. Defendant again states in its proposed First Amended Answer that it does not consent to the Bankruptcy Court entering final orders or judgment, that it does not consent to the Bankruptcy Court conducting a jury trial and demanding a jury trial. [Dkt. No. 15-1, ¶¶ 3-5, 58-59].

3. On June 3, 2021, Defendant filed its Motion to Withdraw the Reference and Brief in Support. Defendant respectfully requests the Court stay the Adversary Proceeding pending resolution of the Motion to Withdraw the Reference.

## II. ARGUMENT AND AUTHORITIES

4. Under Federal Rule of Bankruptcy Procedure 5011(c), "the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the [motion to withdraw the reference]." *See* Fed. R. Bankr. P. 5011(c). While the Fifth Circuit has yet to set a standard, the Eighth Circuit establishes the following factors that a movant must demonstrate in its request for stay: "(1) that [the movant] is likely to succeed on the merits; (2) that [the movant]

will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest." *Matter of Interco, Inc.*, 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991); *see also, Sec. & Exch. Comm'n v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2005 WL 8156247, at *1-3 (S.D. Fla. Nov. 7, 2005) (bankruptcy court granted stay pending motion to withdraw the reference). In addition, this Court has stated that its practice is to grant a stay pending the District Court's determination of a motion to withdraw the reference. *Official Committee of Unsecured Creditors v. CLO Holdco Ltd., et al.*, Adv. No. 20-03195, May 20, 2021 Trans. re: Hrg. on Committee's Motion to Stay, p. 50:8-16 ("That is always 100 percent of the time my practice, and I think the other bankruptcy judges here. It's out of deference to the District Court. If the District Court ends up withdrawing the reference, they may want to say, 'I want to withdraw the whole darn thing. We don't even want you doing pretrial matters,' so we don't want to get ahead of them by considering a pretrial matter."); *see also Highland Capital Management LP v. Dondero*, Adv. No. 21-03003; *Highland Capital Management LP v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004; *Highland Capital Management LP v. NexPoint Advisors LP*, Adv. No. 21-03005, May 25, 2021 Trans. re: Status Conference re: Motion to Withdraw the References and Motion to Stay, p. 75:8-15 (noting that a stay is "consistent with protocol" and that "as a practical matter, there ends up being a stay").

5.  As set forth in more detail in its Motion to Withdraw the Reference, Defendant is likely to succeed on its Motion to Withdraw the Reference. A district court should withdraw the reference "for cause shown" under 28 U.S.C. § 157(d). As detailed in the Motion to Withdraw, Defendant requested and is entitled to a jury trial on the Plaintiff's pivotal, state court, non-core breach of contract claim and did not consent to such jury trial in the Bankruptcy Court. Therefore,

the District Court is required to conduct a jury trial on the Adversary Proceeding and Defendant is likely to succeed on the merits of its Motion to Withdraw the Reference. Notably, this Court recommended the reference be withdrawn in similar adversary proceedings brought by the Debtor. *See Highland Capital Management L.P. v. James D. Dondero*, Adv. No. 21-03003, [Dkt. No. 53]; *Highland Capital Management L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. No. 21-03004, [Dkt. No. 36]; *Highland Capital Management L.P. v. NexPoint Advisors, L.P.*, Adv. No. 21-03005, [Dkt. No. 30].

6. Because there is a likely chance the District Court will withdraw the reference, it would be wasteful for the parties stand to expend time, energy, and money in conducting swift discovery in the Bankruptcy Case. In fact, the determination of the pending Motion for Leave to Amend will determine the scope of discovery in the Adversary Proceeding and, as such, all parties will benefit from a stay of such deadlines. If the District Court decides to withdraw the reference for the entire Adversary Proceeding, the parties will not have to incur additional costs and resources conducting additional discovery based on the Court's determination of the Motion for Leave to Amend. As such, failing to stay the Adversary Proceeding pending a determination on the Motion to Withdraw the Reference will lead to irreparable harm to Defendant, as well as to the Plaintiff, because when significant time passes between pretrial proceedings and trial, duplication of preparation is inevitable.

7. Further, the District Court may prefer to oversee and familiarize itself with the case by conducting the pretrial proceedings, including any discovery and motion practice. *In re Brown Med. Ctr., Inc.*, No. BR 15-3229, 2016 WL 406959, at *2 (S.D. Tex. Feb. 3, 2016) (exercising its discretion to retain all pretrial matters as a means to maintain an active role in the case, gain

familiarity with the issues that will be presented for trial and ensure the efficient use of judicial resources).

8. Lastly, staying the Adversary Proceeding presents no harm or prejudice to the parties, District Court, Bankruptcy Court, other interested parties, or the public interest. A brief stay of the adversary proceeding will have no effect on numerous interested parties in the underlying bankruptcy. As stated in the Confirmation Order, "[a]lthough the Plan projects that it will take approximately two years to monetize the Debtor's assets for fair value, Mr. Seery testified that while the Reorganized Debtor and Claimant Trust will be monetizing their assets, there is no specified time frame by which this process must conclude." [Case No. 19-34054; Dkt. No. 1943, p. 47/161]. Given this open-ended process, the brief stay requested will not prejudice consummation of the Plan or any other matter. Instead, staying the Adversary Proceeding allows the parties and the Court to preserve resources and more efficiently and effectively proceed with this Adversary Proceeding before the appropriate court.

### III. CONCLUSION

For these reasons, Defendant respectfully requests that the Court enter an order (i) granting the Motion; (ii) immediately staying the Adversary Proceeding pending determination of the Motion to Withdraw the Reference; and (iii) granting Defendant such other and further relief to which it may be entitled.

        Respectfully submitted,

        */s/ Lauren K. Drawhorn*
        Jason M. Rudd
        Texas Bar No. 24028786
        Lauren K. Drawhorn
        Texas Bar No. 24074528
        **WICK PHILLIPS GOULD & MARTIN, LLP**
        3131 McKinney Avenue, Suite 500
        Dallas, Texas 75204
        Telephone: (214) 692-6200
        Fax: (214) 692-6255
        Email:  jason.rudd@wickphillips.com
                    lauren.drawhorn@wickphillips.com

        **COUNSEL FOR HIGHLAND MANAGEMENT SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

    I hereby certify that on June 2-3, 2021, I conferred with counsel for the Plaintiff regarding the relief requested herein. Counsel for Plaintiff indicated it is unopposed to the Motion to Stay on the condition that the deadline for fact and expert discovery is not stayed and the Bankruptcy Court hears the pending Motion for Leave to Amend the Answer.

        */s/ Lauren K. Drawhorn*
        Lauren K. Drawhorn

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

                                               */s/ Lauren K. Drawhorn*
                                                 Lauren K. Drawhorn