Jason M. Rudd
Texas State Bar No. 24028786
Lauren K. Drawhorn
Texas State Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email: jason.rudd@wickphillips.com
         lauren.drawhorn@wickphillips.com

*Counsel for Defendant Highland Capital*
*Management Services, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adversary No.: 21-03006-sgj |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

**HIGHLAND CAPITAL MANAGEMENT**
**SERVICES, INC.'S NOTICE OF SUBPOENA TO PWC**

TO:  PricewaterhouseCoopers LLP, c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Highland

- 1 -

Capital Management Services, Inc. ("HCMS"), Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through its undersigned counsel, will cause a *Subpoena to Appear and Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena") to be served upon PricewaterhouseCoopers ("PwC"), attached hereto as **Exhibit 1,** in connection with the *Complaint for (I) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate* [Docket No. 1] (the "Complaint").

Dated: June 18, 2021       Respectfully submitted,

By: */s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas State Bar No. 24028786
Lauren K. Drawhorn
Texas State Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email: jason.rudd@wickphillips.com
       lauren.drawhorn@wickphillips.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I certify that on June 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic case filing system.

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

__NORTHERN__ District of __TEXAS__

In re __HIGHLAND CAPITAL MANAGEMENT, L.P.__
Debtor

Case No. __19-34054-sg11__

Chapter __11__

*(Complete if issued in an adversary proceeding)*

Highland Capital Management, L.P.
Plaintiff
v.
Highland Capital Management Services, Inc.
Defendant

Adv. Proc. No. __21-3006__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __PricewaterhouseCoopers (PwC) c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201__
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attached **Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Deposition will be conducted virtually through Zoom | June 29, 2021, 1:30 p.m. (CT) |

The deposition will be recorded by this method:
The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until completed.

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please produce the documents requested in **Exhibit B** attached hereto on or before June 28, 2021, at 5:00 p.m. (CT), to Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite. 500, Dallas, Texas 75204.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __06/18/2021__

CLERK OF COURT

OR

_____          __/s/ Lauren K. Drawhorn__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Highland Capital Management Services, Inc., who issues or requests this subpoena, are:
Lauren K. Drawhorn, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, TX 75204, 214-692-6200, lauren.drawhorn@wickphillips.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **EXAMINATION TOPICS**

1. The authentication of any documents produced pursuant to the subpoena.

2. Preparation of the audited financial statements for Highland Capital Management, L.P.

## **EXHIBIT B**

## **INSTRUCTIONS**

1. If any communication or document required to be identified in response to these Document Requests is claimed to be privileged, such communication or document must be identified within a privilege log, which shall be produced contemporaneously with the non-privileged documents responsive to these Document Requests, and which privilege log shall identify each such communication or document, to the extent applicable, by giving a description of such communication or document, the title, date of its creation, subject matter, author, addressee, where it was made or created, persons to whom copies were furnished and to whom the substance of the documents was communicated at any time after its creation, and the ground(s) for the privilege claim.

2. Whenever the information requested is contained in or may otherwise be derived or ascertained from a document, you may, in lieu of setting forth the requested information:

    A. Identify the document from which the answer may be derived;

    B. Specify the portion (or portions) of the document that contains the information, or the way in which the information may be derived or ascertained from the document; and

    C. Produce the document for inspection and copying (in electronic format, if available, otherwise as printed on document), or deliver a copy of the document to Defendant's counsel prior to, or contemporaneous with, service of the answer to the Interrogatories.

3. When producing documents pursuant hereto, copies may be produced in lieu of originals. You are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with each category in these requests.

4.  If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the documents shall be identified.

5.  If you believe that any of the following Document Requests are ambiguous, send a letter to Defendant's counsel specifying which Request is unclear to you and the basis of the perceived ambiguity. We will respond promptly by letter and attempt to rephrase Request for you.

## **DOCUMENT REQUESTS**

1.  All audited financial statements for Highland Capital Management, L.P. from January 1, 2008 until today.