Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital*
*Management Services, Inc.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant Highland Capital Management Services, Inc. ("HCMS"), defendant in the

above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland

Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the "Answer") responding

to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III)*

*Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 68] (the "Amended

Complaint"). Where an allegation in the Amended Complaint is not expressly admitted in this Amended Answer, it is denied.

In filing this Answer, Defendant HCMS does not waive any rights to compel arbitration, as set forth in Defendants' Motion to Compel Arbitration [Adv. Dkt. 70], filed on September 1, 2021.[1]

## **PRELIMINARY STATEMENT**

1. The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Defendant HCMS admits that HCMS' First Amended Answer speaks for itself. To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3. Defendant HCMS denies the allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

5. Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

---

[1] *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995) (Defendant did not substantially invoke the judicial process and waive its right to arbitration despite removal of action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering plaintiff's complaint, asserting counterclaim, and exchanging discovery); *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005) (Arbitration not waived when defendant filed a 100-plus page motion for summary judgment and a concurrent motion to arbitrate); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (no waiver of arbitration right when the party seeking arbitration did no more than defend itself against the claims made against it).

## JURISDICTION AND VENUE

6.      Defendant HCMS admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7.      Defendant HCMS admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8.      Defendant HCMS denies that a breach of contract claim is core. Defendant HCMS denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. Defendant HCMS admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. Defendant HCMS does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in paragraph 8 not expressly admitted are denied.

9.      Subject to the Defendants' Motion to Compel Arbitration, Defendant HCMS admits paragraph 9 of the Amended Complaint.

## THE PARTIES

10.      Defendant HCMS admits the allegations in paragraph 10 of the Amended Complaint.

11.      Defendant HCMS admits the allegations in paragraph 11 of the Amended Complaint.

12.      Defendant HCMS admits that Defendant James Dondero was the President of the Debtor's General Partner, Strand Advisors, Inc. and the Debtor's CEO until his resignation on

January 9, 2020. The third sentence of paragraph 12 asserts a legal conclusion to which no response is required. Defendant HCMS denies any remaining allegations contained in paragraph 12.

13. Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

## CASE BACKGROUND

15. Defendant HCMS admits the allegations in paragraph 15 of the Amended Complaint.

16. Defendant HCMS admits the allegations in paragraph 16 of the Amended Complaint.

17. Defendant HCMS admits the allegations in paragraph 17 of the Amended Complaint.

18. Defendant HCMS admits the allegations in paragraph 18 of the Amended Complaint.

19. Defendant HCMS admits the allegations in paragraph 19 of the Amended Complaint.

## STATEMENT OF FACTS

20.    Defendant HCMS admits that it has executed at least one promissory note under which the Debtor is a payee.  Any allegations in paragraph 20 note expressly admitted are denied.

21.    Defendant HCMS admits that it signed the document attached to the Complaint as Exhibit 1.  Defendant HCMS denies any allegations in paragraph 21 that are not expressly admitted.

22.    Defendant HCMS admits that it signed the document attached to the Complaint as Exhibit 2.  Defendant HCMS denies any allegations in paragraph 22 that are not expressly admitted.

23.    Defendant HCMS denies that it signed the document attached to the Complaint as Exhibit 3.  Defendant HCMS denies any allegations in paragraph 23 that are not expressly admitted.

24.    Defendant HCMS denies that it signed the document attached to the Complaint as Exhibit 4.  Defendant HCMS denies any allegations in paragraph 21 that are not expressly admitted.

25.    Defendant HCMS admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Complaint in paragraph 25.

26.    Defendant HCMS admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Complaint in paragraph 26.

27.    Defendant HCMS admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 to the Complaint in paragraph 27.

28.    Defendant HCMS admits that Plaintiff sent it a copy of Exhibit 5.  Defendant HCMS admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of

paragraph 28.  Defendant HCMS denies any allegations in paragraph 28 that are not expressly admitted.

29.    To the extent paragraph 29 asserts a legal conclusion, no response is required, and it is denied.  Defendant HCMS otherwise admits the allegations in paragraph 29.

30.    Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint and therefore denies the same.

31.    Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies the same.

32.    Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint and therefore denies the same.

33.    Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint and therefore denies the same.

34.    Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint and therefore denies the same.  Defendant HCMS denies the allegations in the second sentence of paragraph 34 of the Amended Complaint.

35.    Defendant HCMS admits that it has executed at least one promissory note under which Debtor is the payee.  Defendant HCMS denies any allegations in paragraph 35 that are not expressly admitted.

36. Defendant HCMS admits that it signed the document attached to the Amended Complaint as Exhibit 6. Defendant HCMS denies any allegations in paragraph 29 that are not expressly admitted.

37. Defendant HCMS admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Amended Complaint in paragraph 37. Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

38. Defendant HCMS admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Amended Complaint in paragraph 38. Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

39. Defendant HCMS admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Amended Complaint in paragraph 39. Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

40. Defendant HCMS admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Amended Complaint in paragraph 40. Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

41. To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is necessary, and it is denied. Defendant HCMS otherwise denies paragraph 41 of the Amended Complaint.

42. Defendant HCMS admits that Plaintiff sent it a copy of Exhibit 7. Defendant HCMS admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of paragraph 42 of the Amended Complaint. Defendant HCMS denies any allegations in paragraph 42 that are not expressly admitted.

43. Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Amended Complaint and therefore denies the same.

44. Defendant HCMS denies the allegations in paragraph 44 of the Amended Complaint.

45. Defendant HCMS admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 45 of the Amended Complaint. Defendant HCMS denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 45 of the Amended Complaint is denied.

46. Defendant HCMS admits the allegations in paragraph 46 of the Amended Complaint.

47. Defendant HCMS admits the allegations in paragraph 47 of the Amended Complaint.

48. In response to the allegations in paragraph 48 of the Amended Complaint, Defendant HCMS admits that HCMS' First Amended Answer speaks for itself. To the extent paragraph 48 contradicts the First Amended Answer, it is denied.

49. Defendant HCMS admits that HCMS' First Amended Answer speaks for itself. To the extent paragraph 49 contradicts the First Amended Answer, it is denied.

50. Paragraph 50 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

51. Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Amended Complaint and therefore denies the same.

52.     Defendant HCMS denies the allegations in paragraph 52 of the Amended Complaint.

53.     Defendant HCMS admits that Exhibit 8 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 53 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 53 of the Amended Complaint is denied.

54.     Paragraph 54 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

55.     Paragraph 55 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(against HCMS)**
**(for Breach of Contract)**

56.     Paragraph 56 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

57.     Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

58.     Paragraph 58 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

59.     Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

60.     Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

61.     Defendant HCMS denies paragraph 61 of the Amended Complaint.

62.     Defendant HCMS denies paragraph 62 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (against HCMS)
### (Turnover by HCMS Pursuant to 11 U.S.C. § 542(b))

63.     Paragraph 63 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

64.     Paragraph 64 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

65.     Paragraph 65 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

66.     Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

67.     Defendant HCMS admits that Plaintiff transmitted Exhibits 5 and 7 to the Amended Complaint.

68.     Paragraph 68 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

69.     Defendant HCMS denies paragraph 69 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### (Against HCMS)
### (Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)

70.     Paragraph 70 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

71.     Paragraph 71 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

72.     Paragraph 72 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

73.     Paragraph 73 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

74.     Paragraph 74 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

75.     Paragraph 75 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## FOURTH CLAIM FOR RELIEF
### (Against HCMS)
### (Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))

76.     Paragraph 76 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

77.     Paragraph 77 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

78.     Paragraph 78 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

79.     Paragraph 79 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

80.     Paragraph 80 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIFTH CLAIM FOR RELIEF**
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)**

81.     Paragraph 81 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

82.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

83.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

84.     Paragraph 84 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**SIXTH CLAIM FOR RELIEF**
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(Breach of Fiduciary Duty)**

85.     Paragraph 85 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

86.      This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

87.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

88.      This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

## SEVENTH CLAIM FOR RELIEF
### (Against James Dondero and Nancy Dondero)
### (Aiding and Abetting a Breach of Fiduciary Duty)

89. Paragraph 89 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

90. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant HCMS is not required to respond to this claim.

91. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant HCMS is not required to respond to this claim.

92. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant HCMS is not required to respond to this claim.

93. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant HCMS is not required to respond to this claim.

Defendant HCMS denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

## AFFIRMATIVE DEFENSES

94. Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

95. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

96. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

97. Plaintiff's claims are barred in whole or in part because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority

of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant HCMS believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

98.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant HCMS acted in good faith.

99.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged fraudulent transfer (*i.e.*, the "Alleged Agreement") was taken in good faith and for reasonably equivalent value.

100.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the "Alleged Agreement."

101.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the Debtor was solvent at the time the "Alleged Agreement" was made.

102.     Defendant HCMS further asserts that each Note is ambiguous as a whole based on the signatory and/or references to unspecified related agreements.

## **JURY DEMAND**

103.     Except to the extent compelled to arbitration, Defendant HCMS demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

104. Defendant HCMS does <u>not</u> consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant HCMS respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Amended Complaint and provide Defendant HCMS such other relief to which it is entitled.

Dated: September 1, 2021

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT
HIGHLAND CAPITAL
MANAGEMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez