PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03006 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| SERVICES, INC., JAMES DONDERO, NANCY | § | |
| | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DONDERO, AND DUGABOY INVESTMENT
TRUST,

Defendants.

### PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION
### TO HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P. ("Highland"), the plaintiff in the above-referenced adversary proceeding in the above-captioned chapter 11 case, shall take the deposition of Highland Capital Management Services, Inc. ("HCMS") by the person(s) most qualified to testify on HCMS's behalf with respect to the topics described in **Exhibit A** attached hereto on **October 22, 2021**, commencing at 9:30 a.m. Central Time or at such other day and time as the Plaintiff may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate

DOCS_NY:44183.3 36027/003

in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at

jmorris@pszjlaw.com **no fewer than 72 hours before the start of the deposition** for more

information regarding participating in this deposition remotely.

Dated:  October 4, 2021.                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
               ikharasch@pszjlaw.com
               jmorris@pszjlaw.com
               gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

3

**EXHIBIT A**

**DEFINITIONS**

1. "<u>Answer</u>" means *Defendant Defendant Highland Capital Management Services, Inc.'s Answer to Amended Complaint*, lodged in Adv. Proc. 21-03006 at Docket No. 73.

2. "<u>Communications</u>" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

3. "<u>Concerning</u>" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "<u>Discovery Requests</u>" means *Plaintiff's Requests for Admission, Interrogatories, and Requests for Production Directed to Highland Capital Management Services, Inc.* served on Your counsel by e-mail on September 7, 2021.

5. "<u>Document</u>" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

6.      "<u>Demand Notes</u>" shall have the meaning ascribed to that term in paragraph 24 of the the *Amended Complaint for (I) Breach of Contract, (II) Turnover of Property, (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty*, filed by Highland at Adv. Pro. 21-03006, Docket No. 68.

7.      "<u>You</u>" or "<u>Your</u>" means Highland Capital Management Services, Inc., and anyone authorized to act on its behalf.

### <u>Rule 30(b)6) Topics</u>

**<u>Topic No. 1</u>:**

Your Answer.

**<u>Topic No. 2</u>:**

Each Affirmative Defense asserted in Your Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning each Affirmative Defense. *See* Answer ¶¶ 94-102.

**<u>Topic No. 3</u>:**

The Demand Notes, including but not limited to (a) the negotiation of the Demand Notes, (b) the terms of the Demand Notes, (c) Communications Concerning the Demand Notes, (d) any payments of principal or interest made by You or on Your behalf with respect to the Demand Notes; (e) the use of the proceeds of the Demand Notes, (f) Your communications with Your outside auditors Concerning the Demand Notes and the obligations thereunder, and (g) all agreements Concerning the Demand Notes.

**<u>Topic No. 4</u>:**

Your responses to the Discovery Requests.

DOCS_NY:44183.3 36027/003