PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  Mhayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., <br><br> Defendant. | Adv. Proc. No. 21-3004 <br><br> Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § Plaintiff, § § vs. § § NEXPOINT ADVISORS, L.P., JAMES § DONDERO, NANCY DONDERO, AND § THE DUGABOY INVESTMENT TRUST, § § § Defendants. § | Adv. Proc. No. 21-3005<br><br>Case No. 3:21-cv-00880-C |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § Plaintiff, § § vs. § § HIGHLAND CAPITAL MANAGEMENT § SERVICES, INC., JAMES DONDERO, § NANCY DONDERO, AND THE DUGABOY § INVESTMENT TRUST, § § Defendants. § | Adv. Proc. No. 21-3006<br><br>Case No. 3:21-cv-01378-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § Plaintiff, § § vs. § § HCRE PARTNERS, LLC (n/k/a NexPoint § Real Estate Partners, LLC), JAMES § DONDERO, NANCY DONDERO, AND § THE DUGABOY INVESTMENT TRUST, § § § Defendants. § | Adv. Proc. No. 21-3007<br><br>Case No. 3:21-cv-01379-X |

**TABLE OF CONTENTS**

                                                                                               **Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 3

    A.   The Court Denied the Term Note Defendants' Motion to Extend the Expert Disclosure and Discovery Deadlines ................................................................................. 3

    B.   The Court Denied HCMFA's Second Motion for Leave to Amend Its Answer ................. 5

    C.   The Alleged Violators Ignore the Orders, Include the Pully Report in the Record, and Press the Barred Defense ............................................................................................. 7

    D.   Plaintiff Has Been and Will Be Prejudiced by the Wrongful Conduct .............................. 8

ARGUMENT ............................................................................................................................... 10

    A.   HCMFA's Barred Defense Should Be Stricken from the Summary Record Pursuant to Rule 12 ........................................................................................................... 10

    B.   HCMFA Is in Contempt of the Second Motion for Leave Order .................................... 10

    C.   The Term Note Defendants Should Be Sanctioned under Rule 37 .................................. 12

    D.   The Pully Report Should Be Stricken from the Record .................................................. 13

    E.   The Term Note Defendants Are in Contempt of the Expert Order .................................. 13

    F.   The Term Note Defendants Should Reimburse Plaintiff for Reasonable Costs Incurred for Their Violation of the Discovery Orders...................................................... 14

CONCLUSION ........................................................................................................................... 14

DOCS_NY:45107.6 36027/003

# TABLE OF AUTHORITIES

**CASES**

*Batson v. Neal Spelce Associates, Inc.*,
765 F.2d 51 (5th Cir. 1985) .......................................................................................... 14

*Chilcutt v. United States*,
4 F.3d 1313 (5th Cir.1993) ........................................................................................... 14

*F.D.I.C. v. LeGrand*,
43 F.3d 163 (5th Cir. 1995) ..................................................................................... 11, 12

*Geiserman v. MacDonald*,
893 F.2d 787 (5th Cir. 1990) ................................................................................... 13, 14

*In re Terrebonne Fuel & Lube, Inc.*,
108 F.3d 609 (5th Cir. 1997) .......................................................................................... 12

*Jacobs v. Tapscott*,
Civ. Act. 304CV1968D, 2004 WL 2921806 (N.D. Tex. Dec. 16, 2004) ................................ 10

*Martin v. Trinity Indus., Inc.*,
959 F.2d 45 (5th Cir.1992) ............................................................................................ 11

*Matter of Ridgeway*,
973 F.3d 421, 428 (5th Cir. 2020) ................................................................................... 13

*N.L.R.B. v. Trailways, Inc.*,
729 F.2d 1013 (5th Cir.1984) ......................................................................................... 11

*Norman Bridge Drug Co. v. Banner*,
529 F.2d 822 (5th Cir.1976) .......................................................................................... 12

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
685 F.3d 486 (5th Cir. 2012) ..................................................................................... 13, 14

*Travelhost, Inc. v. Blandford*,
68 F.3d 958 (5th Cir. 1995) ....................................................................................... 11, 12

*Whitcraft v. Brown*,
570 F.3d 268 (5th Cir. 2009) ..................................................................................... 11, 12

**STATUTES**

11 U.S.C. § 105 .................................................................................................................. 10

**RULES**

Fed. R. Civ. P. 12(f) ............................................................................................................ 10

Fed. R. Civ. P. 37(b)(2) ....................................................................................................... 13

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................................. 13

Fed. R. Civ. P. Rule 37(b)(2)(C) .......................................................................................... 13

**BRIEF IN SUPPORT OF
PLAINTIFF'S OMNIBUS MOTION (A) TO STRIKE CERTAIN
DOCUMENTS AND ARGUMENTS FROM THE RECORD, (B) FOR
SANCTIONS, AND (C) FOR AN ORDER OF CONTEMPT**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-referenced adversary proceedings (collectively, the "Notes Actions"), hereby files this brief in support of its motion (the "Motion") for the entry of an order substantially in the form annexed as **Exhibit A** to the Motion (a) striking (i) the Pully Report and (ii) all references to, and all arguments derived from, the Pully Report and the Barred Defense, as highlighted on **Morris Exhibits 1 and 2**,[1] respectively, (b) imposing sanctions on the Alleged Violators[2] for violating multiple rules, and (c) holding the Alleged Violators in civil contempt for their willful and knowing violation of three court Orders.

The Motion is made pursuant to Rules 12 and 37 of the Federal Rules of Civil Procedure, Rules 7012 and 7037 of the Federal Rules of Bankruptcy Procedure, and section 105 of the United States Bankruptcy Code. In support of the Motion, Plaintiff respectfully represents as follows:

**PRELIMINARY STATEMENT**[3]

1. Plaintiff brings the Motion due to the Alleged Violators' complete disregard of multiple court Orders and other straight-forward and applicable rules.

---

[1] References to "Morris Exhibit __" are to the exhibits attached to the *Declaration of John A. Morris Submitted in Support of Plaintiff's Motion (A) to Strike Certain Documents and Arguments from the Record, (B) for Sanctions, and (C) for an Order of Contempt* being filed simultaneously with the Motion.

[2] The "Alleged Violators" include each of the corporate entities that are defendants in the Notes Actions and their counsel.

[3] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

2. Last fall, (a) the Term Note Defendants asked this Court for permission to extend the expert disclosure and discovery deadlines so that they could offer the expert opinions of Mr. Pully and engage in further expert discovery (*i.e.*, the Expert Motion), and (b) HCMFA asked this Court for permission to amend its Answer to assert the affirmative defense that HCMFA never signed the HCMFA Notes (*i.e.*, the Second Motion for Leave). Following extended hearings, this Court entered Orders denying both requests. Nevertheless, the Alleged Violators have proceeded as if the Orders do not exist.

3. Ignoring basic rules of appellate practice, the Alleged Violators have improperly sought reconsideration of the interlocutory Orders from the District Court. Not satisfied with the disruption those improper pleadings have caused, the Alleged Violators created further chaos by (a) ignoring the Orders, (b) including the Pully Report in their Appendix, and (c) pressing the Barred Defense, all in opposition to Plaintiff's Summary Judgment Motion (the "<u>Wrongful Conduct</u>").

4. The Wrongful Conduct violates Rule 12 and Rule 37 and constitutes civil contempt on the ground that the Alleged Violators did *exactly* what the Orders prohibited.

5. Before filing the Motion, Plaintiff gave the Alleged Violators an opportunity to correct their errors and avoid the Motion. Specifically, Plaintiff demanded in writing that the Alleged Violators withdraw the Pully Report and all references to, and argument based on, the Pully Report and the Barred Defense. In response, the Alleged Violators doubled down, contending that they could proceed under the guise of "offers of proof" or "proffers." Nonsense. The Orders and applicable rules govern and, unless overturned by the District Court, prohibited the Alleged Violators from engaging in the Wrongful Conduct.

6. If the Wrongful Conduct is not remedied and the Alleged Violators are not held accountable, Plaintiff will be severely prejudiced because (a) Plaintiff relied on the Orders and did not seek discovery in connection with the Pully Report or the Barred Defense; (b) consequently, Plaintiff cannot adequately respond to the Pully Report and the Barred Defense; (c) the appellate record will improperly include evidence and arguments concerning an affirmative defense that have already been excluded; and (d) Plaintiff will have effectively expended substantial time, money, and effort opposing the Expert Motion and the Second Motion for Leave for no purpose.

7. There is no credible justification for any of this Wrongful Conduct. The appellate rights of the Term Note Defendants and HCMFA were preserved when their Motions were denied – and, in any event, they have (albeit improperly) already sought reconsideration of the Orders from District Court. Under the circumstances, there is no good faith basis for the Alleged Violators to have engaged in the Wrongful Conduct, and they must be held accountable for the havoc they intentionally created.

8. For the reasons set forth below, the Motion should be granted in all respects.

## STATEMENT OF FACTS

**A. The Court Denied the Term Note Defendants' Motion to Extend the Expert Disclosure and Discovery Deadlines**

9. In January 2021, Plaintiff commenced five different actions seeking to recover on promissory notes executed by James Dondero and entities he controls.

10. On September 6, 2021, after a series of maneuvers by the defendants that necessitated the amendment of Plaintiff's original complaints, the Court entered an *Order*

*Approving Stipulation and Agreed Order Governing Discovery and Other Pre-Trial Issues* [*see, e.g.*, Adv. Pro. No. 21-03005, Docket No. 70][4] (the "Scheduling Order"). **Morris Exhibit 3**.

11. The Scheduling Order provided that, among other things, "expert designations and disclosures of all opinions, and the bases therefor, will be made by October 29, 2021, and experts will be deposed between October 29, 2021 and November 8, 2021." *Id.* ¶ 3.

12. On October 29, 2021, NexPoint Advisors, L.P. ("NexPoint") filed its *Motion to Extend Expert Disclosure and Discovery Deadlines* [Docket No. 86] (the "Expert Motion").[5] In the Expert Motion, the Term Note Defendants sought this Court's permission to extend the deadlines to designate experts, serve expert reports, and take expert discovery. Specifically, NexPoint sought permission to commission an expert report by Steven J. Pully (the "Pully Report") concerning the "Debtor's duties [of care] under the Shared Services Agreement" and to otherwise extend the expert discovery deadlines. Expert Motion ¶¶ 1, 13, 17.

13. Pursuant to the Court's *Order Approving Amended Stipulation Regarding Briefing and Hearing Schedule* [Docket No. 102], Plaintiff filed its objection to the Expert Motion on December 1, 2021 [Docket No. 104], and NexPoint filed its reply on December 8, 2021 [Docket No. 115].

---

[4] Unless noted otherwise, all docket references are to those maintained in the adversary proceeding captioned *Highland Capital Management, L.P. v. NexPoint Advisors, L.P.*, Adv. Pro. No. 21-03005.

[5] Even though Mr. Pully's opinions concern the interpretation of HCMFA's Shared Services Agreement with Plaintiff, Highland Capital Management Services, Inc. ("HCMS") and HCRE Partners, LLC ("HCRE" and together with NexPoint and HCMS, the "Term Note Defendants") effectively joined the Expert Motion despite the fact that they were never parties to that Agreement and have no written shared services agreement of their own. *See* Adv. Pro. No. 21-03006 [Docket No. 91] (HCMS's motion to extend expert disclosure and discovery deadlines) and Adv. Pro. No. 21-03007 [Docket No. 86] (HCRE's motion to extend expert disclosure and discovery deadlines). Notably, NexPoint has been pursuing the issue of Plaintiff's alleged obligations under the Shared Services Agreement since March 1, 2021, but never sought to offer expert discovery concerning Plaintiff's alleged obligations under the Agreement before filing the Expert Motion on October 29, 2021, the last day for the designation of experts under the Scheduling Order. *See Defendant's Original Answer*, Adv. Pro. No. 21-03005, Docket No. 6 ¶ 39 (asserting as an affirmative defense Plaintiff's alleged negligence and breach of its duty of care under the Shared Services Agreement).

14. On December 13, 2021, at the conclusion of a hearing on the Expert Motion and the presentation of extensive argument, the Court stated that it would deny the Expert Motion. [*See* Docket No. 122].

15. On December 22, 2021, the Court entered its Order denying the Expert Motion in all respects (the "Expert Order"). [Docket No. 138]. **Morris Ex. 4**.

16. On January 5, 2022, the Term Note Defendants filed objections in the United States District Court for the Northern District of Texas (the "District Court") seeking "reconsideration" and other forms of review of the Expert Order (the "Expert Reconsideration Motion").[6]

17. On January 31, 2022, Plaintiff objected to the Term Note Defendants' Expert Reconsideration Motion, arguing that it was both procedurally and substantively improper. *See* Civ. Act. No. 3:21-cv-00881-X, Docket Nos. 37-39. **Morris Exhibit 6**.

B. **The Court Denied HCMFA's Second Motion for Leave to Amend Its Answer**

18. On March 1, 2021, Highland Capital Management Fund Advisors, L.P. ("HCMFA" and together with the Term Note Defendants and their counsel, the "Alleged Violators") filed its *Original Answer* to Plaintiff's Complaint in which it failed to assert any affirmative defenses to Plaintiff's claims for recovery on two promissory notes issued by HCMFA (the "HCMFA Notes"). *See* Adv. Pro. No. 21-03004, Docket No. 6.

19. On May 22, 2021, HCMFA moved for leave to amend its *Original Answer* to assert as an affirmative defense that Frank Waterhouse, HCMFA's Treasurer and the person whose signature appears on the HCMFA Notes, signed the HCMFA notes by mistake and without

---

[6] *See* Civ. Act. No. 3:21-cv-00880-X, Docket Nos. 21-23 (*Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*) (**Morris Exhibit 5**); Civ. Act. No. 3:21-cv-01378, Docket No. 26 (*Defendants Highland Capital Management Services, Inc. and HCRE Partners, LLC's Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*) (together, the "Expert Reconsideration Motion").

5

authority. *See generally Defendants' Motion for Leave to Amend Answer* (the "First Motion for Leave"), Adv. Pro. No. 21-03004, Docket No. 32. HCMFA's First Motion for Leave was based on a purported internal investigation conducted by Dennis C. Sauter, Jr. that included multiple interviews with Mr. Waterhouse.

20. The Court granted HCMFA's First Motion for Leave and on July 6, 2021, HCMFA filed its *Amended Answer*. Adv. Pro. No. 21-03004, Docket No. 48 (the "Amended Answer"). In its *Amended Answer*, HCMFA alleged, among other things, that "Waterhouse *signed* the two promissory notes," and that "Waterhouse made a mistake in preparing and *signing* the Notes for defendant," and that "Waterhouse prepared and *signed* the Notes on his own, without proper knowledge of the underlying facts and without actual authority." *See* Amended Answer ¶¶ 43-44 (emphases added).

21. On November 30, 2021, about a month after the close of discovery, HCMFA filed its *Second Motion for Leave to Amend Answer* [Adv. Pro. No. 21-03004, Docket No. 82] (the "Second Motion for Leave" and together with the Expert Motion, the "Motions"). In its Second Motion for Leave, HCMFA requested permission "to amend its answer to expressly deny that the notes were signed" by Mr. Waterhouse or HCMFA (the "Barred Defense"). Second Motion for Leave ¶ 1.[7]

---

[7] HCMFA filed its Second Motion for Leave while also contending that it "does not concede that [the relief requested] is required." Second Motion for Leave ¶ 1. This contention was (and remains) disingenuous because (i) after conducting an internal investigation that included multiple interviews with the HCMFA officer whose name appears on the HCMFA Notes (*i.e.*, Mr. Waterhouse), HCFMA asserted multiple times in its Amended Answer that *Mr. Waterhouse signed the Notes*, albeit allegedly by mistake and without authority (Mr. Waterhouse has rejected the claim of mistake and never admitted lack of authority), such that HCMFA's Second Motion for Leave was unquestionably required, but (ii) even if it were not, HCMFA voluntarily filed its Second Motion for Leave and must live with the consequences of its decision. HCMFA cannot have it both ways: the Court's order denying the Second Motion for Leave was not transformed into an advisory opinion merely because HCMFA did not like the result.

6

22. On December 30, 2021, Plaintiff filed its opposition to HCMFA's Second Motion for Leave [Adv. Pro. No. 21-03004, Docket No. 107] and on January 10, 2022, the Court held an evidentiary hearing on HCMFA's Second Motion for Leave during which the Court heard extensive testimony from Mr. Sauter, the person who claims to have conducted HCMFA's internal investigation (including the interviews of Mr. Waterhouse) which formed the foundation for HCMFA's First Motion for Leave. During cross examination, Mr. Sauter was forced to admit that (a) Mr. Waterhouse specifically told him that the HCFMA Notes were prepared for HCMFA's auditors because the transfer of $7.4 million from Highland to HCMFA in May 2019 had to be documented, and (b) Mr. Sauter failed to disclose Mr. Waterhouse's statements supporting the Notes in Mr. Sauter's Declarations submitted in support of either the First Motion for Leave or the Second Motion for Leave. **Morris Exhibit 7** at 61:1-62:1; 64:7-20; 67:1-21.

23. On January 14, 2022, the Court entered an order denying HCMFA's Second Motion for Leave (the "Second Motion for Leave Order" and together with the Scheduling Order and the Expert Order, the "Orders"). Adv. Pro. No. 21-03004, Docket No. 123. **Morris Exhibit 8**.

24. On January 27, 2022, HCMFA filed its objection to the *Order Denying Motion to Amend Answer* in the District Court seeking "reconsideration" and other forms of review of the Second Motion for Leave Order. *See* Civ. Act. No. 3:21-cv-00881-X, Docket Nos. 34-36.[8]

C. **The Alleged Violators Ignore the Orders, Include the Pully Report in the Record, and Press the Barred Defense**

25. In flagrant disregard of the Orders, the Alleged Violators did exactly what the Court told them they could not: they included the Pully Report in the evidentiary record, and fully pressed the Barred Defense, in their opposition to Plaintiff's Summary Judgment Motion.

---

[8] Plaintiff's time for responding to this latest baseless filing has not yet expired.

26. First, despite the passage of all applicable deadlines in the Scheduling Order and the entry of Expert Order denying the Expert Motion, the Term Note Defendants and their counsel willfully and defiantly (i) included the Pully Report in their appendix (*see, e.g.*, Adv. Pro. No. 21-03005, Docket No. 157 (Def. Ex. 3-F, Def. Appx. 211-235), and (ii) advanced arguments based on the Pully Report in opposition to Plaintiff's Summary Judgment Motion.[9]

27. Second, despite the entry of the Second Motion for Leave Order denying HCMFA's Second Motion for Leave, HCMFA and its counsel willfully and defiantly made extensive arguments based on the Barred Defense in its opposition to Plaintiff's Summary Judgment Motion. *See* **Morris Exhibit 2** (highlighted portions).

28. Plaintiff promptly demanded that the Alleged Violators immediately correct their Wrongful Conduct. They steadfastly refused, claiming that they were merely "preserv[ing] their appellate rights by making a proffer." **Morris Exhibit 9**.

D. **Plaintiff Has Been and Will Be Prejudiced by the Wrongful Conduct**

29. If not rectified, Plaintiff will be severely and irreparably prejudiced by the Alleged Violators' Wrongful Conduct.

30. Among other things, Plaintiff will be prejudiced because (a) it justifiably relied on the Orders and never sought discovery in connection with the Pully Report or the Barred Defense, (b) consequently, Plaintiff cannot fully respond to the Pully Report or the Barred Defense and the arguments "proffered" in connection therewith, nor should it have been baited into doing so, (c) the appellate record will improperly include evidence (*i.e.*, the Pully Report) and arguments

---

[9] According to the Term Note Defendants, their defense under the Shared Services Agreements (the written agreement between Plaintiff and HCMFA and the allegedly unwritten agreements between Plaintiff and HCMS and HCRE) is "bolstered by the Expert Report of Steven J. Pully . . . which was incorrectly not permitted to be included in the record by the Court. Defendants submit this proffer to preserve their objection." *See Defendants' Memorandum of Law in Response to Plaintiff's Motion for Partial Summary Judgment*, Adv. Pro. No. 21-03003 [Docket No. 154] ¶28, n. 76.

8

concerning an affirmative defense) (*i.e.*, the Barred Defense) that the Court has already excluded, and (d) Plaintiff will have effectively expended substantial time, money, and effort negotiating the Scheduling Order and opposing the Expert Motion and the Second Motion for Leave for no apparent purpose.

31. All of this (and more) was explained to defense counsel.[10] Indeed, Plaintiff was willing to address the entire purported premise for the Wrongful Conduct – preserving the record for appeal – stating:

> If your issue is preserving the issue for appeal, I would consider a stipulation – although, given that the evidence and arguments subject to the proffer were already the subject of motions and orders, one of which has already been presented to the District Court for review, I don't understand the concern or the necessity. Indeed, as you note, "[w]here the "pretrial proffer is adequate and ***evidence is excluded unconditionally by a pretrial order,***" then "the proponent ***has preserved the issue for appeal*** and (other circumstances being unchanged) need not bring the witness to court and proffer the evidence again at trial." Fusco v. Gen. Motors Corp., 11 F.3d 259, 262–63 (1st Cir. 1993) (emphasis added).

**Morris Exhibit 9**.

32. *One of the very cases cited by defense counsel gave them all the comfort they needed that their issues were already preserved for appeal.* Nevertheless, the Alleged Violators

---

[10] Prior to filing the Motion, Plaintiff put the Alleged Violators on notice of the myriad problems caused by their recalcitrant insistence on pursuing the Wrongful Conduct, including raising the following questions:

> "1. Why should any court – whether the bankruptcy court or an appellate court -- consider evidence that has been excluded by court order?
> 2. And if you don't intend the Court to consider the evidence and defense, why proffer it?
> 3. Why should the record include evidence that has been excluded? I have never seen that before. Judge Jernigan has excluded numerous exhibits throughout this bankruptcy and then files a statement showing the evidence that was admitted. Only admitted evidence is part of the record.
> 4. I don't have my own expert to counter yours. How do I address that? How can a court consider your expert report when I did not have a chance to obtain my own?
> 5. I haven't taken discovery on the Barred Defense. How do I fairly address the defense? I just argue in a vaacum [*sic*]?
> 6. Am I supposed to address evidence and a defense that have been barred?
> 7. You've "incorporated by reference" a 21page [*sic*] brief filed in the District Court (violating the page limits). Am I supposed to respond to that brief, too?"

Morris Exhibit 9.

9

contemptuously refused to comply with Plaintiff's demands or the Orders precisely because they wanted the Pully Report and the Barred Defense "in the record as part of an offer of proof." *Id*.

## ARGUMENT

### A. HCMFA's Barred Defense Should Be Stricken from the Summary Record Pursuant to Rule 12

33. Rule 12 of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, Civ. Act. 304CV1968D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004).

34. The Barred Defense should be stricken from HCMFA's response to summary judgment under Rule 12(f) because HCMFA failed to plead the Barred Defense in its Amended Answer, and the Court prohibited HCMFA from belatedly asserting such defense in its Second Motion for Leave Order. As HCMFA and its counsel knew, Plaintiff will be severely prejudiced by the inclusion of the Barred Defense in the summary judgment record because Plaintiff reasonably relied on the entry of the applicable Order and took no discovery related to the Barred Defense. Consequently, Plaintiff cannot now adequately respond to the Barred Defense. And, most fundamentally, there is no good faith basis to permit the Alleged Violators to argue an affirmative defense that has been prohibited.

### B. HCMFA Is in Contempt of the Second Motion for Leave Order

35. HCMFA is in civil contempt for violating the Second Motion for Leave Order.

36. "A party commits contempt when [they] violate[] a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995);

10

*Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) (same). The party seeking an order of contempt in a civil contempt proceeding need only establish, by clear and convincing evidence: "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995); *see also Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (same); *Travelhost*, 68 F.3d at 961 (same). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Circ. 2000) (citing *N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013 1017 (5th Cir.1984)).

37. Judicial sanctions in civil contempt proceedings may be employed for either or both of two purposes: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Am. Airlines*, 228 F.3d at 586 (internal quotations omitted). "Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of [their] adversary's noncompliance." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir.1976); *see also Travelhost*, 68 F.3d at 961 (noting that "[b]ecause the contempt order in the present case is intended to compensate [plaintiff] for lost profits and attorneys' fees resulting from the contemptuous conduct, it is clearly compensatory in nature"); *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997) (affirming court's decision to impose sanctions for violating injunction and awarding plaintiff costs and fees incurred in connection with prosecuting defendant's conduct); *F.D.I.C.*, 43 F.3d at 168 (affirming court's imposition of sanctions requiring defendant to pay movant attorneys' fees). Ultimately, courts have "broad discretion in the assessment of damages in a civil contempt proceeding." *Am. Airlines*, 228 F.3d at 585; *see also F.D.I.C.*, 43 F.3d 168 (reviewing lower court's contempt order for "abuse

11

of discretion" under the "clearly erroneous standard."); *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 613 ("The [] court's decision to impose sanctions is discretionary[]").

38. Plaintiff easily meets the foregoing standards: (a) the Second Motion for Leave Order was entered in response to HCMFA's own motion and was effective when HCMFA defiantly included the Barred Defense in its summary judgment response; (b) the Second Motion for Leave Order expressly prohibited HCMFA from asserting the Barred Defense; and (c) HCMFA failed to comply with the clear requirements of the Second Motion for Leave Order by including the Barred Defense in its summary judgment pleading. Accordingly, Plaintiff has demonstrated by clear and undisputed evidence that HCMFA is in civil contempt. *See Whitcraft*, 570 F.3d at 272 (affirming finding of civil contempt where a court order was in effect, party was on notice of such order, and party failed to abide by it). HCMFA's flouting of the Second Motion for Leave Order cannot be justified or explained away, and there is no basis to oppose this relief requested herein.

C. **The Term Note Defendants Should Be Sanctioned under Rule 37**

39. Under Rule 37(b), courts may "strik[e] pleadings in whole or in part" and find a party in "contempt" for violation of a discovery order. FED. R. CIV. P. 37(b)(2)(A); *see also Matter of Ridgeway*, 973 F.3d 421, 428 (5th Cir. 2020).[11] "This sort of sanction is justifiable when there is willful misconduct and when lesser sanctions will not achieve the desired deterrent effect." *Id.*; *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); ("In addition to a broad range of sanctions, including contempt, FED. R. CIV. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys'

---

[11] For the avoidance of doubt, Rule 37 is incorporated into Federal Rule of Bankruptcy Procedure 7037 and applies in adversary proceedings such as these. FED. R. BANK. P. 7037.

12

fees, caused by the failure to obey a discovery order"); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (same). Under Rule 37, a party, their attorney, or both, may be personally liable for reasonable expenses including attorney's fees caused by the failure to comply with a discovery order. *See* FED. R. CIV. P. 37(b)(2)(C); *Smith*, 685 F.3d at 490; *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985).

40. It is "well within the court's discretion to use sanctions as a tool to deter future abuse of discovery" under Rule 37. *Smith*, 685 F.3d at 490; *see also Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir.1993) (stating that district courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b), and "neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions").

**D. The Pully Report Should Be Stricken from the Record**

41. The Pully Report should be stricken from the Term Note Defendants' Appendix under Rule 37(b)(2)(A)(iii). By including the Pully Report in the record, the Term Note Defendants violated two discovery orders, the Scheduling Order and the Expert Order. Moreover, the Term Note Defendants cannot be permitted to create factual issues in the summary judgment record with evidence that is inadmissible at trial. *See Geiserman*, 893 F.2d at 792 ("We uphold the court's exclusion of the affidavit of the proposed expert witness [in summary judgment pleading], in order to enforce its discovery order and local rule. [Party] cannot attempt to create a fact issue with evidence of facts that cannot be proven at trial").

**E. The Term Note Defendants Are in Contempt of the Expert Order**

42. The Term Note Defendants should be held in contempt under Rule 37(b)(2)(A)(vii) for violating the two discovery orders; namely, the Scheduling Order and the Expert Order.

13

**F.      The Term Note Defendants Should Reimburse Plaintiff for Reasonable Costs Incurred for Their Violation of the Discovery Orders**

43.     The Term Note Defendants should be held liable to Plaintiff for the reasonable costs and attorney fees and expenses incurred by Plaintiff as a result of Defendants' violation of the discovery orders under Rule 37(b)(2)(C).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (i) striking the Barred Defense (and all arguments in support of that defense) from the summary judgment record; (ii) striking the Pully Report from the summary judgment record; (iii) finding HCMFA, the Term Note Defendants, and their counsel in civil contempt of a court order; (iv) finding HCMFA, the Term Note Defendants, and their counsel in contempt of discovery orders and (v) granting Plaintiff such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: February 7, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>        jmorris@pszjlaw.com<br>        gdemo@pszjlaw.com<br>        hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |