| | |
|---|---|
| Clay M. Taylor<br>Bryan C. Assink<br>BONDS ELLIS EPPICH SCHAFER JONES LLP<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, Texas 76102<br>(817) 405-6900 telephone<br>(817) 405-6902 facsimile<br>Email: clay.taylor@bondsellis.com<br>Email: bryan.assink@bondsellis.com<br>**Attorneys for James Dondero** | Deborah Deitsch-Perez<br>Michael P. Aigen<br>STINSON LLP<br>3102 Oak Lawn Avenue, Suite 777<br>Dallas, Texas 75219<br>(214) 560-2201 telephone<br>(214) 560-2203 facsimile<br>Email: deborah.deitschperez@stinson.com<br>Email: michael.aigen@stinson.com<br>**Attorneys for James Dondero, Nancy Dondero, Highland Capital Management Services, Inc. and HCRE Partners, LLC** |

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Plaintiff.** | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

| | |
|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>Plaintiff,<br><br>vs.<br><br>**NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>Defendants. | § § § § § § § § § § § § § § Adv. Proc. No. 21-03005-sgj |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>Plaintiff,<br><br>vs.<br><br>**HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>Defendants. | § § § § § § § § § § § § § § § Adv. Proc. No. 21-03006-sgj |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>Plaintiff,<br><br>vs.<br><br>**HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>Defendants. | § § § § § § § § § § § § § § § § Adv. Proc. No. 21-03007-sgj |

**DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS**

James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, file this *Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Motion") and would respectfully show the Court as follows:

1

## I.    BACKGROUND

1. On December 17, 2021, Plaintiff filed its *Motion for Partial Summary Judgment in Notes Actions* (the "MSJ"). In its MSJ, Plaintiff seeks partial summary judgment in favor of Plaintiff on its first and second claims for relief. Together with its MSJ, Plaintiff filed its *Appendix in Support of Motion for Partial Summary Judgment in Notes Actions* (the "Appendix"). The Appendix contains the summary judgment evidence submitted by Plaintiff in support of its MSJ. The MSJ is presently set for a hearing before this Court on March 23, 2022.

2. On or about January 20, 2022, Defendants filed their response, brief, and appendix in opposition to the MSJ.

3. On February 7, 2022, Plaintiff filed its reply in support of its MSJ and its *Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Supplemental Appendix"). The Supplemental Appendix contains additional summary judgment evidence offered by Plaintiff in support of its MSJ, including, for example, a Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment (the "Klos Declaration"). The Klos Declaration provides two pages of new testimony from Mr. Klos that attempts to address the arguments made by Defendants in connection with their pre-payment defense. Nowhere in its reply does Plaintiff even attempt to explain why it did not include this testimony with its MSJ or why it should be allowed to introduce new evidence in violation of the law discussed below.

4. On February 24, 2022, counsel for Defendant conferred with counsel for Plaintiff regarding the inappropriate inclusion of the Klos Declaration and to give Plaintiff an opportunity to withdraw the Klos Declaration from the record or to explain why including this new evidence in its reply was appropriate. In response, rather than withdrawing the Klos Declaration or providing

any legal authority, counsel for Plaintiff simply stated, without any further explanation, that, "[t]he reply declaration was a classic reply."[1] The fact that parties ignore rules often enough that such conduct is "classic" does not make it correct.

## II. RELIEF REQUESTED

5. By this Motion, Defendants request that the Court strike the Supplemental Appendix from the record of the summary judgment proceedings, as having been filed in violation of local rules and without an opportunity for Defendants to rebut any evidentiary effect contained therein.

## III. DISCUSSION

6. Local District Court Rule 56.7, made applicable to this proceeding by Local Bankruptcy Rule 7056.1 and Local District Court Rule 56.1, and labeled "Limit on Supplemental Materials," provides that "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, <u>or evidence</u>." The District Court has explained the need for, and the purpose of, this rule:

> Rule 56.7, by contrast, regulates the summary judgment materials that can be filed in relation to a specific pending summary judgment motion. This Rule addresses the former practice of filing supplemental materials, without leave of court, at any time while the motion was pending. Such filings often prompted requests by the opposing party for the opportunity to respond to the new materials, thereby delaying a decision based on a supplemental filing (and response) that may have had no bearing on the court's ruling, or that otherwise created uncertainty about whether the summary judgment motion was ripe for a decision.

*Home Depot USA Inc. v. National Fire Ins. Co. of Hartford*, 2007 WL 1969752 * 2 (N.D. Tex. 2007). The Fifth Circuit likewise recognizes the need for an orderly summary judgment process: in affirming the exclusion of new summary judgment evidence, albeit after the summary judgment

---

[1] Declaration of Michael Aigen ("Aigen Decl."), Exhibit A (App. 6).

hearing, the circuit noted that "the summary judgment procedure [would become] uncontrolled, if a court could not enforce some limits on the timely submission of appropriate evidence." *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990). Stated differently, "[t]he purpose of Local Rule 56.7 is to prevent the irresistible urges of parties to respond in kind to opposing parties' supplementation of evidence, the undue delay of resolving a pending motion and the creation of uncertainty of the ripeness of a dispositive motion." *Hyde v. Hoffman-La Roche Inc.*, 2008 WL 2923818 at *4 (N.D. Tex. 2008).

7. Accordingly, the Northern District of Texas unambiguously holds that Local District Court Rule 56.7 prohibits a summary judgment movant from introducing new summary judgment evidence by way of the movant's reply: "a summary judgment movant may not, as of right, file an appendix in support of his reply brief . . . If, under the governing substantive law, the summary judgment movant is entitled at the reply stage to rely on additional evidence to support his motion, he must seek leave of court to file a reply appendix." *Dethrow v. Parkland Health Hospital Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (emphasis added). This rule is required in order to avoid prejudice to the non-movant, who is faced with no opportunity to contest the movant's new evidence or to otherwise respond to the same:

> Of equal importance is the rule that the nonmovant should be given a fair opportunity to respond to a motion. This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief. It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.

*Spring Indus. Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (additionally noting that a movant wishing to introduce new summary judgment evidence should, at a minimum, first consult with the non-movant).

4

8. The District Court considered a case similar to the present case, in which the defendant filed a motion for summary judgment, with an appendix, to which the plaintiff responded, with an appendix, to which the defendant replied and submitted a supplemental appendix, which the plaintiff sought to strike:

> And Local Rule 56.7 states that additional summary judgment evidence may only be filed with leave of court. (See Local Rule 56.7.) Accordingly, a party may not file a reply brief appendix without first obtaining leave of court. <u>Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances</u>. Because a summary judgment movant may not, as of right, file an appendix in support of his reply brief, and because Defendants have failed to provide the Court with a good reason for allowing the evidence at this stage of the summary judgment briefing, Plaintiff's motion to strike Volume VI of Defendants' Appendix is hereby GRANTED.

*Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*, 2003 WL 251318 at * 19 (N.D. Tex. 2003).

9. Here, Plaintiff neither sought nor obtained leave to file its Supplemental Appendix. Moreover, the Supplemental Appendix threatens prejudice to Defendants, which have no ability to either rebut any evidence contained therein or to discuss any such evidence in any responsive briefing. Plaintiff had the ability to structure its MSJ as it wished, to offer evidence in support of its MSJ as it wished, and to have the final say on the MSJ in its reply brief. The tradeoff, however, is that it is Defendants, and not Plaintiff, that has the last ability to present summary judgment evidence to this Court to demonstrate the existence of a genuine issue of material fact. Anything more is not only prejudicial to Defendants, but seeks to convert a process that examines whether there is a genuine issue of material fact into an adjudicatory process that weighs that underlying evidence and decides the issue.

## IV. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant this Motion and that the Court strike Plaintiff's Supplemental Appendix, including the Klos Declaration.

Dated: February 25, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/Deborah Deitsch-Perez*
　　　　　　　　　　　　　　　　　　　　　　Deborah Deitsch-Perez
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24036072
　　　　　　　　　　　　　　　　　　　　　　Michael P. Aigen
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24012196
　　　　　　　　　　　　　　　　　　　　　　STINSON LLP
　　　　　　　　　　　　　　　　　　　　　　3102 Oak Lawn Avenue, Suite 777
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75219
　　　　　　　　　　　　　　　　　　　　　　(214) 560-2201 telephone
　　　　　　　　　　　　　　　　　　　　　　(214) 560-2203 facsimile
　　　　　　　　　　　　　　　　　　　　　　Email: deborah.deitschperez@stinson.com
　　　　　　　　　　　　　　　　　　　　　　Email: michael.aigen@stinson.com
　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

　　　　　　　　　　　　　　　　　　　　　　*/s/Clay M. Taylor*
　　　　　　　　　　　　　　　　　　　　　　Clay M. Taylor
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24033261
　　　　　　　　　　　　　　　　　　　　　　Bryan C. Assink
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24089009
　　　　　　　　　　　　　　　　　　　　　　BONDS ELLIS EPPICH SCHAFER JONES LLP
　　　　　　　　　　　　　　　　　　　　　　420 Throckmorton Street, Suite 1000
　　　　　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　　　　　　　(817) 405-6900 telephone
　　　　　　　　　　　　　　　　　　　　　　(817) 405-6902 facsimile
　　　　　　　　　　　　　　　　　　　　　　Email: clay.taylor@bondsellis.com
　　　　　　　　　　　　　　　　　　　　　　Email: bryan.assink@bondsellis.com
　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR JAMES DONDERO**

                                                                  */s/Davor Rukavina*
                                                                  Davor Rukavina
                                                                  Julian P. Vasek
                                                                  MUNSCH HARDT KOPF & HARR, P.C.
                                                                 500 N. Akard Street, Suite 3800
                                                                 Dallas, Texas 75202-2790
                                                                 (214) 855-7500 telephone
                                                                 (214) 978-4375 facsimile
                                                                Email:  drukavina@munsch.com

                                                                **ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P**.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 24, 2022, counsel for Defendants conferenced with Plaintiff's counsel, John Morris, regarding the relief requested herein. The parties were unable to reach an agreement regarding the issues. Defendants therefore understand this Motion is opposed.

                                                                  */s/Michael P. Aigen*
                                                                  *Michael P. Aigen*

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on February 25, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

      */s/Deborah Deitsch-Perez*
      Deborah Deitsch-Perez