**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adv. Proc. No. 21-03005-sgj |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00880 |
| Defendants. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-03004-sgj |
| vs. | § § | Case No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § § | |
| Defendant. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § § | Adv. Proc. No. 21-03003-sgj |
| vs. | § § | Case No. 3:21-cv-01010 |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | |
| Defendants. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-03006-sgj |
| vs. | § § | Case No. 3:21-cv-01378 |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, | § § § | |

1

| | |
|---|---|
| NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>　　　　Defendants. | § § § § § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>　　　　Plaintiff, <br>vs. <br><br>HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>　　　　Defendants. | § § § § § § § § § § § § § § <br><br>Adv. Proc. No. 21-03007-sgj <br><br>Case No. 3:21-cv-01379 |

# ORDER GRANTING
# DEFENDANT'S MOTION TO CONSOLIDATE THE NOTE CASES

Before this Court is Defendant's Motion to Consolidate the Note Cases [Doc. No. 16] (the "Motion"). Having considered the Motion the Court finds that consolidation of the Note Cases is warranted under Rule 42(a) of the Federal Rules of Civil Procedure and that the interests of judicial efficiency are best served by consolidation of the Note Cases under Case No. 3:21-cv-881. Consolidating the cases under 3:21-cv-881 best services judicial efficiency because (a) Case No. 3:21-cv-881 is the lowest-numbered case in the Dallas Division,[1] and (b) because the undersigned was originally assigned two of the five Note Cases captioned above (before transfer of the three others to the undersigned), as well as other cases arising out of the Highland Bankruptcy.[2]  The Court therefore **GRANTS** defendant's motion to consolidate.

---

[1] The typical procedure in consolidation actions is to consolidate under the lowest-numbered case, which here is 3:21-cv-880, previously assigned to Judge Sam Cummings. However, the Court finds that judicial efficiency is best served by consolidating under 3:21-cv-881 because 3:21-cv-880 and 3:21-cv-881 were filed in district court on the same day and several other factors (explained above the line) are served by consolidation under 881 as opposed to 880.

[2] In 3:21-cv-1010, the plaintiffs moved to consolidate under that case. [Doc. No. 10.] That request is denied. Importantly, plaintiffs agree that consolidation of all five note cases is warranted and promotes judicial efficiency.

**IT IS HEREBY ORDERED THAT**:

1. The Note Cases are consolidated under the lead case, No. 3:21-cv-00881 for all purposes other than that Case No. 3:21-cv-00881-X may be tried separately (or that the determination of whether such case shall be tried separately is deferred until after all summary judgement motions are heard and decided), to be heard by the Honorable Judge Starr.

2. The cases consolidated under No. 3:21-cv-881 are:

   - No. 3:21-cv-00880
   - No. 3:21-cv-01010
   - No. 3:21-cv-01378
   - No. 3:21-cv-01379

3. All future filings related to all five cases shall be filed on the docket for No. 3:21-cv-881.

**IT IS SO ORDERED** this 6th day of January, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE