Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

*Attorneys for NexPoint Advisors, L.P. and Highland
Capital Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| **vs.** | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03004-sgj** |
| **vs.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § | |
| | § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Adv. Proc. No. 21-03007-sgj** |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

2

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED FORM OF JUDGMENT AWARDING ATTORNEY'S FEES AND COSTS

Plaintiff Highland Capital Management, L.P. ("Plaintiff") is requesting an excessive award of attorneys' fees and costs. Plaintiff has requested an award of $2,797,105.35. Of that amount, almost all of it is for attorneys' fees billed by Plaintiff's attorneys of the law firm of Pachulski, Stang, Ziehl & Jones LLP ($2,663,585.30), specifically, 95% of the total attorneys' fees and costs.

Defendants James Dondero ("Dondero"), Highland Capital Management Fund Advisors, L.P. ("HCMFA"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE") (collectively, the "Defendants") object to Plaintiff's proposed award of attorneys' fees and costs. The Court should reject the proposed award because it contains a material math error of almost $400,000, fails to allocate the work to the specific cases and Defendants from whom fees are sought, and seeks fees for unnecessary work and/or for matters in which Plaintiff did not prevail or for which recovery of attorneys' fees is not permitted. Defendants request that the Court reduce any award of attorneys' fees and costs as requested herein to account for the math error, to reduce the fees to local rates, eliminate fees for unnecessary/unsuccessful/non-contract-claim-related work, and to eliminate time not properly allocated (or remand for such allocation to be done).

## I. STATEMENT OF FACTS

Each of the thirteen Demand Notes and three Term Notes under which the Court has recommended an award of attorneys' fees to Plaintiff permit the holder of the note to collect from the Maker only "actual expenses of collection, all court costs and ***reasonable*** attorneys' fees and expenses incurred by the holder hereof[,]" as stated in its Report and Recommendation (the "R&R"). R&R at 13, 16 (emphasis added). The R&R proposes awarding judgment to Plaintiff on all the Demand Notes and Term Notes, including "reasonable attorneys' fees" and costs.

Plaintiff's Proposed Form of Judgment proposes that each of the five Defendants—Dondero, HCMFA, HCMS, HCRE, and NexPoint—pay "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by [Plaintiff]" "pursuant to the terms of each

CORE/3522697.0002/176256542.9

applicable Note."[1]  However, there were different arguments for different Defendants and for different Notes, there were depositions that related to all defendants and depositions that related to only some cases and some Defendants.  There were arguments and proceedings that related only to the term loans and there were arguments that related to HCMFA only.  There are issues that are addressed in the Court's Report and Recommendation and issues that are not, such as the claims attempted to be added by amendment and subject to the motion to compel arbitration and/or to dismiss, that Plaintiff indicated would be dismissed if it prevailed on the Note claims.  Moreover, Plaintiff's proposed fee award seeks fees for work related to the claims sought to be added by Plaintiff's amendment even though these claims (unlike contract claims) are subject to the American Rule (prohibiting fee-shifting).

Finally, and as described in greater detail below, Plaintiff has incorrectly totaled the fees for which it seeks recovery, adding almost $400,000 to the total.

## II.     ARGUMENTS AND OBJECTIONS

### A.     Applicable Law

#### 1.     Whether Segregation of an Award of Fees By Each Defendant is Required is a Question of Law.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 – 62 (5th Cir. 2002) (citation omitted).  Here, the rule of decision on the Notes comes under Texas state law.  Under Texas state law, "[t]he trial court's decision as to whether segregation is required is a question of law [the reviewing court] review[s] de novo."  *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App. 2009).

---

[1] Adv. Proc. No. 21-3003, Proposed Form of Judgment, ¶ 4; Adv. Proc. No. 21-3004, Proposed Form of Judgment, ¶ 3; Adv. Proc. No. 21-3005, Proposed Form of Judgment, ¶ 2; Adv. Proc. No. 21-3006, Proposed Form of Judgment, ¶ 6; Adv. Proc. No. 21-3007, Proposed Form of Judgment, ¶ 6.

> ### 2.    Federal Courts Consider a Number of Factors in Determining the Reasonableness of an Award of Attorneys' Fees.

Federal courts and Texas courts generally determine reasonableness of an award of attorneys' fees based on the two-step lodestar method:

> Courts must apply a two-step method for determining a reasonable fee award.  First, they calculate the lodestar, which is equal to the **numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work**.  **In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented.**  Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors.  The court must provide a reasonably specific explanation for all aspects of a fee determination.
>
> The *Johnson* factors are: (1) **the time and labor required**; (2) **the novelty and difficulty of the issues in the case**; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) **the customary fee charged for those services in the relevant community**; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) **the amount involved and the results obtained**; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016) (citations and internal marks omitted) (emphasis added); *see also In re Texans CUSO Inc. Grp., LLC*, 426 B.R. 194, 222–23 (Bankr. N.D. Tex. 2010) (citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

". . . [T]he trial court's award must be based on supporting evidence." *McGibney v. Rauhauser*, 549 S.W.3d 816, 821 (Tex. App. 2018).  ". . . [A] trial judge is obliged to do more than simply act as a rubber-stamp, accepting carte blanche the amount appearing on the bill." *Id.*  "The District Court has the duty to cut fees which the applicant has not shown to be reasonable." *United States v. Wagner*, 930 F. Supp. 1148, 1154 (N.D. Tex. 1996) (citation omitted).

### B.    Arguments

> 1.    The Court Should Reduce the Proposed Award by the Amount of the Math Error in the Calculation of Fees Charged by PSZJ.

The amount of fees claimed by Pachulski, Stang, Ziehl & Jones LLP ($2,663,585.30) is $395,996.50 in excess of the total of the non-redacted time entries in the PSZJ Notice. Defendants added

up the non-redacted entries in the PSZJ Notice. There is a difference of $395,996.50 between the sum claimed by Plaintiff for PSZJ attorneys' fees and the total of the non-redacted entries for PSZJ.

Using the PSZJ Notice, Defendants added each non-redacted entry listed from bate-stamp page number 12 to 236 and 264 to 294 and each aggregate entry on page numbers 245, 263, 305, 314, 319, 321, and 332. The sum of those entries from page 12 to 332 was $2,267,588.80. The amount claimed on bate stamp page number 356 of the PSZJ Notice for PSZJ attorneys' fees is $2,663,585.30. The difference between the two amounts is $395,996.50. The Court must exclude $395,996.50 from the proposed award.[2]

2.  Overly Redacted Time Records are not Sufficient Evidence to Support a Fee Award.

"Redacted entries must be excluded if they do not provide sufficient information to classify and evaluate the activities and hours expended." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009). Where a description is "so heavily redacted as to be meaningless," a court must not award fees related to such an entry. *McGibney v. Rauhauser*, 549 S.W.3d 816, 822 (Tex. App. 2018). Here, nearly all of the PSZJ Notice entries documented on pages 1 to 231 of the PSZJ Notice are entirely redacted—date, timekeeper, matter, description, hours, rate, amount—all completely redacted. Many of the PSZJ Notice entries from pages 232 to 332 also are entirely redacted or a particular element is entirely redacted, such as the description of the work performed or accounting for the number of hours worked. The entries are redacted "so heavily as to be meaningless." *McGibney v. Rauhauser*, 549 S.W.3d 816, 822 (Tex. App. 2018).

3.  Recoverable Fees are Limited to Breach of Contract and Turnover, Which are the Only Claims Plaintiff Prevailed on and are the Only Claims For Which Plaintiff Sought Attorneys' Fees.

In its Amended Complaint, Plaintiff asserted claims for breach of contract, turnover of property, fraudulent transfer (under 11 U.S.C. sec. 548), fraudulent transfer (under 11 U.S.C. secs. 544(b) and 550), declaratory relief, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. In its written

---

[2] There may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher.

CORE/3522697.0002/176256542.9

request for fees, Plaintiff correctly only sought to recover attorneys' fees for its breach of contract and turnover claims in its Amended Complaint and those are the only claims addressed by the R&R issued by the Court.  In other words, Plaintiff was only the prevailing party on its claims for breach of contract and turnover of property and, thus, it is not entitled to recover any attorneys' fees for work done on its other claims. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees.").

Because not all fees are recoverable, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not. *G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 547 (Tex. App. 2005) ("As the supreme court has made clear, section 38.001 requires recovery of damages for a claimant to be eligible to recover attorneys' fees."). Moreover, attorneys' fees are not recoverable for the claims asserted by Plaintiff other than breach of contract and turnover. *In re Jenkins,* 617 B.R. 91, 113 (Bankr. N.D. Tex. 2020) ("With this bedrock principle in mind, neither section 548 nor section 550 of the Bankruptcy Code provides for the recovery of attorneys' fees and expenses in a fraudulent transfer case."); *Massachusetts Mut. Life Ins. Co. v. Sanders*, 787 F.Supp.2d 628, 641 (S.D. Tex. 2011) (denying motion for award of attorneys' fees because the federal Declaratory Judgment Act does not provide statutory authority to award attorneys' fees); *Life Ins. Co. Robbins v. Robbins*, 550 S.W.3d 846, 855 (Tex. App. 2018) ("Attorney's fees are not available for a breach-of-fiduciary duty claim.").

Whether by mistake or otherwise, despite nominally only requesting fees for its contract claims, Plaintiff's fee request includes time for at least $222,000 in fees devoted to amending the complaint to add these claims for which fees cannot be recovered and then addressing the motions to dismiss those claim or compel arbitration.  There are doubtless additional amounts that are hard to discern because included in general descriptions, but the readily identifiable time entries for this work for which fees may not be recovered are:

**Plaintiff spent at least $35,753.50 amending its complaint, to add claims that are unrelated to the recover on the Notes and for which Plaintiff cannot recover fees.**

| 07/04/2021 | JE | BL | Prepare memo on implications of amending Note Suit Complaints to add fraudulent transfer cause of action. | 10.00 | 1195.00 | $11,950.00 |
|---|---|---|---|---|---|---|
| 07/06/2021 | JAM | BL | E-mail to M. Aigen, other defense counsel on notes litigation, concerning proposed Amended Complaint and scheduling matters (0.3); review written responses and document production from HCRE in notes litigation (0.3). | 0.60 | 1245.00 | $747.00 |
| 07/07/2021 | JAM | BL | E-mails w/ D. Rukavina re: proposed amended complaint (0.2). | 0.20 | 1245.00 | $249.00 |
| 07/11/2021 | JAM | BL | Work on Amended Complaints in notes litigation (2.2); e-mails w/ D. Rukavina re: NexPoint amended answer (0.1). | 2.30 | 1245.00 | $2,863.50 |
| 07/13/2021 | JAM | BL | E-mail to D. Rukavina re: NexPoint amended answer (0.2); e-mails w/ D. Klos, J. Seery re: HCMFA amended answer (0.2); review revise draft Amended Complaint for Dondero (0.4); review/revise draft Amended Complaint for HCMFA (0.9); review/revise draft Amended Complaint for NexPoint (0.9); review/revise draft Amended Complaint for HCRE (0.9); review/revise draft Amended Complaint for HCM Services, Inc. (0.9); draft e-mail to M. Aigen and other defense counsel re: schedule and related matters (0.6); e-mail to J. Seery re: amended complaints and HCMFA (0.2); tel c. w/ J. Seery re: HCMFA proposed amended complaint (0.2); e-mail to M. Aigen and other defense counsel, J. Pomerantz, G Demo re: Amended Complaints (0.1). | 5.50 | 1245.00 | $6,847.50 |
| 08/09/2021 | HRW | BL | Call with J. Morris re: amended complaints re: notes | 0.20 | 695.00 | $139.00 |
| 08/11/2021 | HRW | NL | Draft motion to file amended complaints for notes litigations (2.8) | 2.80 | 695.00 | $1,946.00 |
| 08/12/2021 | HRW | NL | Draft motion to file amended complaints for notes litigations (3.0) | 3.00 | 695.00 | $2,085.00 |
| 08/13/2021 | JAM | NL | Review motion to amend complaint and proposed orders (0.9); e-mails w/ G. Demo, H. Winograd re: motion to amend complaint and proposed orders (0.2); e-mails w/ M. Aigen, others, re: scheduling order and motion to amend complaints (0.4). | 1.50 | 1245.00 | $1,867.50 |
| 08/13/2021 | HRW | NL | Edit and finalize motions to file amended complaints in notes litigations (1.2). | 1.20 | 695.00 | $834.00 |

8

| 08/17/2021 | JAM | NL | Review/revise motions for leave to amend complaints in Notes Litigation (1.1); e-mail to L. Canty, Z. Annable, H. Winograd re: motions for leave to amend complaints in Notes Litigation and related matters (0.2); e-mails w/ Z. Annable, H. Winograd re: motions to amend complaints in Notes Litigation (0.1). | 1.40 | 1245.00 | $1,743.00 |
| 08/17/2021 | LSC | NL | Prepare and transmit exhibits to motions to amend. | 0.50 | 460.00 | $230.00 |
| 08/18/2021 | JAM | NL | Communications w/ M. Aigen, Z. Annable re: form of Order for motions for leave to amend complaints (0.2); tel c. w/ D. Rukavina: Advisors' motion for protective order (0.2). | 0.40 | 1245.00 | $498.00 |
| 08/18/2021 | LSC | NL | Transmit proposed orders on motions to amend. | 0.20 | 460.00 | $92.00 |
| 08/26/2021 | JAM | NL | E-mails w/ H. Winograd, Z. Annable re: filing of Amended Complaints (0.2); e-mails w/ H. Winograd, D. Rukavina re: scheduling order for HCMFA notes litigation (not subject to amended complaint) (0.2). | 0.40 | 1245.00 | $498.00 |
| 08/26/2021 | LSC | NL | Prepare exhibits to amended complaints (.7); prepare exhibits to orders approving discovery stipulations (.3). | 1.00 | 460.00 | $460.00 |
| 08/26/2021 | HRW | NL | Prepare and review amended complaints and | 1.70 | 695.00 | $1,181.50 |
|  |  |  | exhibits for notes litigations filings (1.5); Communicate with opposing counsel for Advisors re: discovery stipulations (0.1); Review discovery stipulations for notes litigations (0.1). |  |  |  |
| 08/27/2021 | JAM | NL | E-mails w/ D. Rukavina, M. Aigen re: timing of answers and discovery demands (0.1); e-mails w/ Z. Annable: filing of amended answers and orders approving scheduling stipulations (0.2). | 0.30 | 1245.00 | $373.50 |
| 08/27/2021 | HRW | NL | Review adversary cover sheets for notes litigations (0.2); Review and prepare discovery stipulations and proposed orders for notes litigations (1.0). | 1.20 | 695.00 | $834.00 |
| 08/29/2021 | JMF | NL | Review amended complaints re notes litigation. | 0.30 | 1050.00 | $315.00 |

**Plaintiff spent $84,139.00 drafting a response to a motion to dismiss the claims for which attorneys' fees are not recoverable:**

| 09/13/2021 | HRW | NL | Review motion to dismiss in notes litigations (2.0). | 2.00 | 695.00 | $1,390.00 |
| 09/14/2021 | HRW | NL | Review motion to dismiss complaint in notes litigation (2.0). | 2.00 | 695.00 | $1,390.00 |
| 09/15/2021 | HRW | NL | Research re: motion to dismiss complaint in notes litigation (3.5). | 3.50 | 695.00 | $2,432.50 |
| 09/17/2021 | HRW | NL | Review and research re: motion to dismiss in notes litigations (3.5). | 3.50 | 695.00 | $2,432.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 09/18/2021 | HRW | NL | Draft and research re: motion to dismiss in notes litigations (5.5). | 5.50 | 695.00 | $3,822.50 |
| 09/19/2021 | HRW | NL | Draft and research re: motion to dismiss in notes litigations (8.5). | 8.50 | 695.00 | $5,907.50 |
| 09/20/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (13.0). | 13.00 | 695.00 | $9,035.00 |
| 09/21/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 09/22/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (11.0). | 11.00 | 695.00 | $7,645.00 |
| 09/23/2021 | JAM | NL | Tel c. w/ L. Canty re: document review (0.1); tel c. w/ J. Seery re: strategy for responding to motions (0.2); tel c. w/ J. Pomerantz re: strategy for responding to motions (0.1); review documents (3.1). | 3.50 | 1245.00 | $4,357.50 |
| 09/23/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (12.0). | 12.00 | 695.00 | $8,340.00 |
| 09/24/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 09/26/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (7.0). | 7.00 | 695.00 | $4,865.00 |
| 09/27/2021 | JAM | NL | Review/revise opposition to motion to dismiss (2.5); review/revise written responses to discovery (2.4); e-mails w/ J. Seery, J. Pomerantz, G. Demo, H. Winograd re: written responses to discovery (0.2); tel c. w. J. Seery re: written responses to discovery (0.2); tel c. w/ J. Pomerantz re: oppositions to MTD and arbitration (0.2); tel c. w/ J. Pomerantz, J. Koop re: opposition to motion to compel arbitration (0.4); further revisions to written responses to discovery (0.2); communications w/ J. Seery re: responses to written discovery (0.1). | 6.20 | 1245.00 | $7,719.00 |
| 09/27/2021 | GVD | NL | Review response to motion to dismiss litigation | 0.60 | 950.00 | $570.00 |
| 09/27/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (7.5). | 7.50 | 695.00 | $5,212.50 |
| 09/28/2021 | GVD | NL | Review motion to dismiss response | 1.00 | 950.00 | $950.00 |
| 09/28/2021 | HRW | NL | Draft and file opposition to motion to dismiss in notes litigations (8.0). | 8.00 | 695.00 | $5,560.00 |

**Plaintiff spent $67,283.50 drafting a response to the motion to compel arbitration:**

CORE/3522697.0002/176256542.9

| 09/13/2021 | JAK | NL | Begin review of motion to compel arbitration (0.8); strategy and planning discussion with John Morris, Jeff Pomerantz, and Hayley Winograd (0.8); follow-up discussion with Jeff Pomerantz regarding arbitration motion (0.2); additional review and analysis of arbitration motion (1.1); | 2.90 | 1100.00 | $3,190.00 |
|---|---|---|---|---|---|---|
| 09/17/2021 | JAK | NL | Review previous pleadings and begin outlining opposition to demand for arbitration; | 1.40 | 1100.00 | $1,540.00 |
| 09/19/2021 | JAM | NL | Review of documents and docket and e-mails to J. Kropp, J. Pomerantz, G. Demo, H. Winograd re: facts and arguments concerning opposition to motion to compel arbitration (3.0); further communications w/ J. Kropp re: arbitration motion (0.1). | 3.10 | 1245.00 | $3,859.50 |
| 09/19/2021 | JAK | NL | Email correspondence with John Morris regarding various arguments pertaining to waiver and estoppel for arbitration motion objection; review and analyze transcripts from previous hearing; begin research regarding various arguments for arbitration objection; | 3.30 | 1100.00 | $3,630.00 |
| 09/20/2021 | JAK | NL | Drafting of portions of objection to arbitration motion; research legal issues for use in same; emails with John Morris regarding additional arguments and support for same; review and analyze provisions of limited partnership agreement for use in arguments in opposition of arbitration agreement; memo outlining legal issues to be researched and supporting direction; | 4.40 | 1100.00 | $4,840.00 |
| 09/22/2021 | JJK | NL | Research for opp. to motion re: arbitration. | 4.80 | 995.00 | $4,776.00 |
| 09/22/2021 | JJK | NL | Research for opp. to arbitration motion and emails Kropp on same. | 1.40 | 995.00 | $1,393.00 |
| 09/22/2021 | JAK | NL | Extensive drafting of opposition to arbitration motion; legal research regarding issues and arguments for same; emails with internal research group regarding issues for researching and related matters; | 6.90 | 1100.00 | $7,590.00 |
| 09/23/2021 | JJK | NL | Research for opp. to arbitration motion; conf. call Kropp and Keane on same (0.6). | 5.80 | 995.00 | $5,771.00 |
| 09/23/2021 | JJK | NL | Research for opp. to arbitration motion. | 3.10 | 995.00 | $3,084.50 |
| 09/23/2021 | JAK | NL | Review and analyze initial research results on issues pertaining to arbitration opposition from Jonathan Kim and Peter Keane; extensive drafting of arbitration opposition; additional case research and analysis regarding arguments for same; confer with Jonathan Kim and Peter Keane regarding same; | 4.90 | 1100.00 | $5,390.00 |

| 09/27/2021 | JAK | NL | Strategy discussion with John Morris and Jeff Pomerantz regarding opposition to arbitration motion and related matters; extensive additional drafting, research, and review of issues and portions of arbitration motion opposition; work with Greg Demo regarding confirmation-related citations and background for use in opposition; additional drafting and revisions to arbitration opposition; | 3.10 | 1100.00 | $3,410.00 |
| 09/28/2021 | JAM | NL | Review/revise draft opposition to motion to compel arbitration (4.8); e-mails w/ J. Seery, J. Pomerantz, J. Koop, G. Demo, H. Winograd re: opposition to motion to compel arbitration (0.4); tel c. w/ J. Seery re: opposition to motion to compel arbitration (0.1); | 9.10 | 1245.00 | $11,329.50 |
| 09/28/2021 | JAK | NL | Extensive revisions, review, and editing of opposition to arbitration motion; edits and review of declaration in support of same; confer over telephone and emails with John Morris and Jeff Pomerantz regarding same; final edits and preparation of opposition for filing and service; supervise filing and service of same, with drafting of cover response per local rules; | 6.80 | 1100.00 | $7,480.00 |

**Plaintiff spent at least $15,654.50 on one day of work on the reply brief for its motion to amend the complaint:[3]**

| 05/20/2021 | JE | BL | Work on reply brief (11.0); review motion to amend complaint (.4); call with Mr. Morris regarding briefing (.3); research judgment issues (1.4). | 13.10 | 1195.00 | $15,654.50 |

**Plaintiff spent $19,336.50 for five attorneys to conduct the half-day hearing on a motion to dismiss and motion to compel arbitration:**

| 11/09/2021 | JNP | NL | Prepare for hearings. | 1.00 | 1295.00 | $1,295.00 |
| 11/09/2021 | JNP | NL | Participate in hearings on motion to compel arbitration and motion to dismiss. | 3.50 | 1295.00 | $4,532.50 |
| 11/09/2021 | LSC | NL | Prepare for and assist at hearing on motions to stay and motions to dismiss. | 3.50 | 460.00 | $1,610.00 |
| 11/09/2021 | GVD | NL | Attend hearing on notes litigation | 3.70 | 950.00 | $3,515.00 |
| 11/09/2021 | HRW | NL | Hearing on motions to dismiss and compel arbitration (3.2). | 3.20 | 695.00 | $2,224.00 |

---

[3] Alternatively, Defendants object to any recovery related to this work because it does not appear to be related to this litigation. This entry refers to 11 hours of work with the description, "Work on reply brief." However, there does not appear to be any reply brief filed by Plaintiff any time near this time period. Therefore, these funds should be deducted because they were either unnecessary because they relate to a reply for a motion to amend that was never filed or because they are completely unrelated to this litigation and were erroneously included in the fee statements.

| 11/09/2021 | JAK | NL | Preparation and additional research in preparation for arbitration and dismissal hearings (1.9); attend and conduct hearings on arbitration and dismissal motions (3.5); follow-up call with team regarding hearing results (0.2). | 5.60 | 1100.00 | $6,160.00 |
|---|---|---|---|---|---|---|

4.      The Court Should Exclude All Entries That are Not Segregated By Defendant.

"When a plaintiff seeks to charge a defendant with its attorneys' fees, the plaintiff must prove that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recovery of such fees."  *In re Mud King Products, Inc.*, 525 B.R. 43, 55 (Bankr. S.D. Tex. 2015) (internal marks omitted) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991)).  "In cases with multiple defendants, to recover its attorneys' fees, the plaintiff must segregate the fees owed by each defendant so that defendants are not charged fees for which they are not responsible."  *Id.*  In *Mud King Products*, the court excluded from the award time spent in prosecution of claims against other defendants.  *Id.*, at 56; *see also Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 23 (Tex. App. 2000) ("When a lawsuit involves multiple claims or multiple parties, the proponent has a duty to segregate non-recoverable fees from recoverable fees, *and to segregate the fees owed by different parties*.") (emphasis added).

Here, there are multiple Defendants:  Dondero, HCMFA, HCMS, HCRE, and NexPoint. Therefore, to recover its attorneys' fees, Plaintiff must segregate the fees owed by each Defendant so that Defendants are not charged fees for which they are not responsible.  *See Mud King Products*, 525 B.R. at 55.  Because Plaintiff has failed to segregate fees owed by each Defendant, the Court, as in *Mud King Products*, should exclude from the award against each Defendant all time spent in prosecution of claims against other Defendants.  *See id.*, at 56.

Plaintiff incorrectly alleges that the "there was no reasonable way to allocate the Fees and Expenses separately between each Note Litigation" because "there was substantial overlap in the legal and factual issues in the five adversary proceedings."[4]  Under Texas law, "[t]he party seeking to recover

---

[4] *See e.g.,* Adv. Proc. No. 21-3003, Dkt. 197, Ex. 1, ¶ 16.

attorney's fees bears the burden of demonstrating segregation is not required." *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex. App. 2009). Here, Plaintiff has not carried its burden.

The court in *Clearview Properties* clarified that the burden is not met by simply claiming, as Plaintiff essentially does here, that all the claims "arise from the same factual base." *Clearview Properties*, 287 S.W.3d, at 144. "[J]ust because the claims overlap among the [] defendants does not mean that their legal defenses were identical." *Id.* As a result, the *Clearview Properties* court required segregation and remanded for proper proof of attorneys' fees. *Id.*, at 144–45.

Several federal circuit courts of appeal have held that segregation of fees among multiple defendants is appropriate under the circumstances. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 337 (1st Cir. 2008); *El-Haken v. BJY Inc.*, 415 F.3d 1068, 1075–75 (9th Cir. 2005); *Koster v. Perales*, 903 F.2d 131, 139 (2d. Cir. 1990); *see also Roggio v. Grasmuck*, 18 F.Supp.3d 49, 60 (D. Mass. 2014); *see also Fischer as Trustee v. Fischer as Co-Trustee*, 332 So.3d 516, 519 – 20 (Fla. App. 4th 2021) (holding that, where claims were filed separately and later consolidated, apportionment was required). Among the types of apportionment that may be used, "time expended" per defendant is appropriate when time dedicated to one defendant is clearly disproportionate to another defendant. *Torres-Rivera*, 524 F.3d, at 337.

In this case, there clearly has been time expended for some Defendants that is clearly disproportionate to other Defendants. For example, Dondero and other defendants (e.g., Nancy Dondero and Dugaboy) that were not party to the Notes on which the proposed judgment is based and are not part of the proposed judgment in the R&R filed a motion to dismiss and motion to compel arbitration of certain breach of fiduciary duty claims (separate claims from the Notes).[5] In response to the motion to dismiss and motion to compel, as shown above, Plaintiff spent **$84,139.00** drafting a response; an additional **$67,283.50** drafting a response to Defendants' motion to compel arbitration; at least

---

[5] *See e.g.,* Adv. Proc. No. 21-3005, Dkt. 68, Dkt. 69.

**$15,654.50** for one day's work on a reply brief for its motion to amend the complaint; and finally

**$19,336.50** for five attorneys to conduct the half-day hearing on Defendants' motion to dismiss and

motion to compel arbitration. And it also racked up at least **$35,753.50** on amending its complaint in the

first place, something that did not involve HCMFA, HCMS, HCRE, and NexPoint at all.

Therefore, it clearly would be inequitable to hold HCMFA, HCMS, HCRE, and NexPoint

responsible for such fees because they had nothing to do with the litigation. But more importantly, as

noted above, because the motion to dismiss and motion to compel arbitration are not part of the Report

and Recommendation at all, and concerned claims *for which attorneys' fees were not even sought and*

*even if successful, attorneys' fees and costs could not be recovered*, these fees cannot be awarded against

any Defendant.[6]

Defendants calculate at least **$222,000** spent on the claims for which they are not entitled to seek

fees, not including all the time included in billing entries largely related to other matters for which it is not

easy to segregate out the non-recoverable time. "The [proposed] fee award, therefore, cannot stand."

*Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 339 (1st Cir. 2008). Where "time records of the attorneys

do not generally segregate the time spent," because "plaintiff bears the burden of proving that the time

entries are reasonable," "if a time entry includes both recoverable costs and non-recoverable costs, and

there is no clear way to segregate them, the court may simply exclude the entire entry." *Roggio v.*

*Grasmuck*, 18 F.Supp.3d 49, 60 (D. Mass. 2014) (citing *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331,

336 (1st Cir. 2008)).

Here, by Defendants' estimate, after a review of the PSZJ Notice and Hayward Notice, Plaintiff

has identified a particular Defendant or particular Defendants in about 300 entries of the total of 1,482

time entries submitted as part of the proposed fee award. The fact that Plaintiff sometimes identifies the

Defendant or issue clearly enough to determine what party should be charged, means that segregation was

not impossible. The Court should exclude the fees for all entries that do not identify a Defendant and the

---

[6] See Section 0.

case, as well as all entries where it is impossible to tell whether impermissible items are included, such as where time for dealing with the non-contract claims is mixed in with time dealing with the contract claims.

In the alternative, the Court should reduce the award for the clearly impermissible time and require Plaintiff to submit additional evidence that segregates the remaining fees per Defendant. "Where fees are authorized, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021) (internal marks omitted); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 244, 246–48 (5th Cir. 2011) (holding the "multiple claims against multiple parties" "could have been easily segregated"). In *Transverse*, even though various claims had a "common set of underlying facts" and "rest[] on the same evidence and seek[] the same damages," the claims based on different contracts required segregation of fees. *Transverse, L.L.C.*, 992 F.3d, at 344–45. The court required a determination on remand on the basis of evidence in the form of affidavits and exhibits that would afford the Court "adequate bases for making a fee award" and also noted that it was an appropriate remedy for awarded fees simply be cut its fees in half. *Id.*, at 346.

     5.     The Court Should Reduce the Proposed Award by the Amount of all Fees Charged to Plaintiff that are Related to Unsuccessful Litigation by Plaintiff.

"A plaintiff should not recover attorneys' fees for work on claims as to which he or she did not prevail." *Roggio v. Grasmuck*, 18 F. Supp. 3d 49, 56 (D. Mass. 2014) (citing *See Torres–Rivera,* 524 F.3d, at 336); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246–48 (5th Cir. 2011) (vacating the district court's fee award because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims). "When a plaintiff prevails on some, but not all, of multiple claims . . . the court must filter out the time spent on unsuccessful claims and award the prevailing party fees related solely to time spent litigating the winning claim(s)." *Roggio*, 18 F. Supp. 3d, at 56 (internal marks omitted) (citing *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 298 (1st Cir.2001)). For example, time spent on discovery regarding damages that were not recovered

should be excluded. *Id.* at 57. Further, where the court 'cannot determine the extent of the overlap, because plaintiff did not explain what motions [] they were working on with specificity," entries including time for unsuccessful claims should be excluded in their entirety. *Id.*

Here, Plaintiff did not prevail in a number of matters litigated against Defendants. First, Plaintiff lost its opposition to Defendants' motion to strike the Klos declaration.[7] Plaintiff's time entries devoted to opposing the motion to strike appear to run from March 8, 2022 to March 21, 2022. Work on the Klos declaration is set forth in entries dated December 16, 2021. The Klos declaration was integrated into the Plaintiff's motion for summary judgment. Many of the time entries running from December 2, 2021 to December 20, 2021 were devoted to the motion for summary judgment, and it is unclear what amount of the time devoted to the motion for summary judgment was devoted to facts furnished by the stricken Klos declaration.

Second, Plaintiff lost its motion for sanctions.[8] Plaintiff's time entries devoted to reply brief for the motion for sanctions appear to run from March 11, 2022 to March 14, 2022. Just the reply brief entries that were relatively easy to find in the billing entries amount to over $30,000, before even considering the time spent on the motion. It is unclear what time was spent on the actual motion because Plaintiff's time entries are not detailed enough to include that information. Plaintiff should be compelled to provide that information so that the time spent on this unsuccessful motion can be identified and deducted.

**Plaintiff spent $30,634.50 drafting a reply regarding Plaintiff's motion for sanctions.**

| 03/11/2022 | HRW | Draft reply ISO motion for sanctions (7.5). | 7.50 | 750.00 | $5,625.00 |
| 03/12/2022 | HRW | Draft reply ISO motion for sanctions and related tasks (6.5). | 6.50 | 750.00 | $4,875.00 |
| 03/13/2022 | HRW | Draft reply ISO motion for sanctions and related tasks (8.5). | 8.50 | 750.00 | $6,375.00 |

---

[7] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 207.
[8] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 208.

| 03/14/2022 | JAM | | Review/revise draft reply on motion to strike/sanctions/contempt (4.2); tel c. w/ H. Winograd re: revisions/status of reply on motion to strike/sanctions/contempt (0.2); tel c. w/ H. Winograd re: revisions/status of reply on motion to strike/sanctions/contempt (0.2); further review/revisions to reply brief in support of motion to strike/sanctions/contempt (1.5). | 6.10 | 1395.00 | $8,509.50 |
| 03/14/2022 | HRW | | Draft reply ISO motion for sanctions and related tasks (7.0). | 7.00 | 750.00 | $5,250.00 |

Third, Plaintiff's work on a motion to consolidate (over $56,000) was unnecessary, because Defendants had agreed to consolidate and Plaintiff wasted everyone's time with its unsuccessful motion to consolidate before a judge that was not presiding over the first filed district court case, which was denied in favor of the successful motion Defendants were forced to file, seeking consolidation before the correct court.[9]  Plaintiff's time entries for the motion to consolidate, as shown below, run from November 23, 2021 to December 6, 2021.

**Plaintiff spent at least $56,066.00 drafting a motion to consolidate cases regarding the Demand Notes and Term Notes.**

| 11/23/2021 | HRW | NL | Draft motion to consolidate note actions (6.0). | 6.00 | 695.00 | $4,170.00 |
| 11/24/2021 | JAM | NL | Review/revise draft motion to consolidate notes litigations in the District Court (2.6). | 2.60 | 1245.00 | $3,237.00 |
| 11/24/2021 | HRW | NL | Review motion to consolidate note actions (1.5). | 1.50 | 695.00 | $1,042.50 |
| 11/25/2021 | JAM | NL | Review/revise draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (5.1); communications w/ H. Winograd, L. Canty re: draft | 5.30 | 1245.00 | $6,598.50 |

---

[9] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 212.

| | | | Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts and exhibits for summary judgment motion (0.2). | | | |
|---|---|---|---|---|---|---|
| 11/26/2021 | JAM | NL | Review/revise draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (2.7); e-mails to J. Pomerantz, G. Demo, H. Winograd re: draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (0.2). | 2.90 | 1245.00 | $3,610.50 |
| 11/26/2021 | GVD | NL | Review motion to consolidate and correspondence with J. Morris re same | 0.30 | 950.00 | $285.00 |
| 11/26/2021 | HRW | NL | Draft motion to consolidate notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 11/27/2021 | JAM | NL | Continued work on motion to consolidate notes actions in district court (5.0); communications w/ J. Pomerantz, G. Demo, H. Winograd re: motion to consolidate notes actions in district court (0.2). | 5.20 | 1245.00 | $6,474.00 |
| 11/27/2021 | HRW | NL | Draft motion to consolidate notes litigations (9.5). | 9.50 | 695.00 | $6,602.50 |
| 11/28/2021 | JAM | NL | Continued work on motion to consolidate notes actions in district court (3.1); e-mails to J. Pomerantz, G. Demo, H. Winograd re: revised motion to consolidate notes actions in district court (0.2). | 3.30 | 1245.00 | $4,108.50 |
| 11/28/2021 | GVD | NL | Review and revise motion to consolidate notes litigations | 0.90 | 950.00 | $855.00 |
| 12/02/2021 | HRW | NL | Draft motion to consolidate notes litigations and ancillary documents (4.0). | 4.00 | 695.00 | $2,780.00 |
| 12/03/2021 | JAM | NL | Review/revise motion for consolidation of notes cases in District Court (4.1); e-mails w/ D. Rukavina re: scheduling and sanctions motion (0.3) tel c. w/ H. Winograd re: motion to consolidate (0.4); review draft order and motion (0.2). | 5.00 | 1245.00 | $6,225.00 |
| 12/03/2021 | HRW | NL | Draft motion to consolidate notes litigations and ancillary documents (2.5). | 2.50 | 695.00 | $1,737.50 |
| 12/06/2021 | HRW | NL | Review and finalize motion to consolidate (3.0). | 3.00 | 695.00 | $2,085.00 |

The Court "must filter out the time spent on unsuccessful claims and award the prevailing party fees related solely to time spent litigating the winning claim(s)." *See Roggio*, 18 F. Supp. 3d, at 56. The time spent preparing the Klos declaration and the Klos-related parts of the motion for summary judgment, the time spent opposing the motion to strike, the time spent on the motion for sanctions, and the time spent on the motion to consolidate, which based on the above, total over $86,000, should be excluded. *Id.* at 57. Where the Court "cannot determine the extent of the overlap" between entries that are related to

the Klos declaration, motion to strike, motion for sanctions, or motion to consolidate, on the one hand, and entries that may be related something else, on the other hand, the Court should exclude all such entries that may be related "because plaintiff did not explain what [] they were working on with specificity." *Id.*

> 6. Plaintiff's Law Firm of Pachulski, Stang, Ziehl & Jones Charged Rates Far in Excess of the Customary Rates in the Northern District of Texas.

Plaintiff's attorneys of the law firm of Pachulski, Stang, Ziehl & Jones LLP ("PSZJ") charged attorneys' fees at rates that are not customary in the Northern District of Texas and are therefore unreasonable.

The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (citations and internal marks omitted). Here, the relevant market is Dallas, Texas. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368–69 (5th Cir. 2002) (citation omitted). Here, Plaintiff's attorneys offered no such affidavits.

However, according to the documentation provided by Plaintiff regarding their attorneys' fees in this case, specifically the Hayward Notice, Plaintiff's local counsel, Hayward PLLC, with its office in Dallas, Texas, charged $400.00 to $450.00 per hour. PSZJ, on the other hand, with its office in Los Angeles, California, according to the pleadings and bills in the exhibits to the PSZJ Notice, and with its attorneys (that billed the time to be awarded) having bar licenses in California and New York according to the pleadings and the PSZJ Notice, charged rates from $460 to **$1,265** per hour.

In one case in which the federal Fifth Circuit Court of Appeals did "not perceive [the case] to have been extraordinarily difficult" and the type of matter "has been the subject of legal discourse for many years," the court held that the trial court's decision to cut the billing attorney's Washington D.C. rate in half to meet Dallas rates was not an abuse of discretion. *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir.

2000). Here, the Court should do the same and cut PSZJ's Los Angeles and New York rates in half to bring them on par with Dallas rates.

The exception that would support an award using out-of-district rates does not apply here. "Courts have found the use of out-of-district prevailing rates proper where a case is transferred for the convenience of the parties and witnesses," and the party wishes to retain previously retained counsel from the initial district. *Midkiff v. Prudential Ins. Co. of Am.*, 571 F. Supp. 3d 660, 667 (W.D. Tex. 2021) (citations omitted). Here, the bankruptcy was originally filed in Delaware and transferred to the Northern District of Texas. Plaintiff's attorneys of PSZJ appear to be located in Los Angeles and New York. They also have not pled that their out-of-district rates should apply. There is no reason to award fees in this case at Los Angeles or New York rates.

### 7. Plaintiff's Suggested Manner of Distribution of the Fees and Costs Among the Defendants is Unreasonable Because it Ignores Each Defendant's Proposed Relative Liability.

Plaintiff's proposed award of attorneys' fees is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment against each Defendant and their involvement in the case.

Where a party is assigned liability for attorneys' fees and costs in excess of their "interest" and "part of the entire controversy," it is an abuse of discretion and "justice requires that the part of the judgment relating to taxing costs in the trial court be reformed." *Gasperson v. Madill Nat. Bank*, 455 S.W.2d 381, 386, 399 (Tex. Civ. App. 1970). For example, in *Gasperson*, where a defendant was responsible for about 9% of the money judgment and initially apportioned 66% of the fees and costs (jointly and severally with other parties), the court reversed and reformed the judgment to apportion the defendant about 9% of the fees and costs. *Gasperson v. Madill Nat. Bank*, 455 S.W.2d 381, 386, 399 (Tex. Civ. App. 1970). Plaintiff's Proposed Form of Judgment proposes that each Defendant pay **20.00%** of the proposed award of fees and

costs.[10] It would be an abuse of discretion to award fees and costs in this manner. *See Gasperson*, 455 S.W.2d, at 386, 399.

## III. CONCLUSION

Defendants object to Plaintiff's proposed award of attorneys' fees and costs. Defendants request that the Court reduce any award of attorneys' fees and costs as requested herein to account for the $395,996.50 math error, to reduce the fees to local rates, eliminate fees for unnecessary/unsuccessful/non-contract-related work, and to eliminate time not properly allocated (or remand for such allocation to be done, or reduce the fees by 50% after eliminating the impermissible entries).

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital Management Services, Inc. and NexPoint Real Estate Partners, LLC*

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
Email: drukavina@munsch.com

*Attorneys for NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*

---

[10] Adv. Proc. No. 21-3003, ¶ 4; Adv. Proc. No. 21-3004, ¶ 3; Adv. Proc. No. 21-3005, ¶ 2; Adv. Proc. No. 21-3006, ¶ 6; Adv. Proc. No. 21-3007, ¶ 6.

CORE/3522697.0002/176256542.9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 23, 2022, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this adversary proceeding.

*/s/ Michael P. Aigen*
Michael P. Aigen

CORE/3522697.0002/176256542.9