PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § § § | |

DOCS_NY:46479.5 36027/004

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., <br><br> Defendant. | Adv. Proc. No. 21-03004-sgj <br><br> Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | Adv. Proc. No. 21-03005-sgj <br><br> Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | Adv. Proc. No. 21-03006-sgj <br><br> Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Adv. Proc. No. 21-03007-sgj <br><br> Case No. 3:21-cv-00881-X |

**TABLE OF CONTENTS**

**Page**

Objection #1: Mathematical Error ................................................................................................. 1

Objection #2: Excessive Redaction ............................................................................................... 3

Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims ................... 3

Objection #4: Exclude "Unsegregated" Fees ................................................................................. 6

Objection #5: Plaintiff Should Not Get Fees for "Unsuccessful Litigation" ................................. 8

Objection #6: PSZJ's Rates Are Too High .................................................................................. 11

Objection #7: The Distribution of Fees and Costs Among Defendants is Unreasonable ............ 12

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**CASES**

*In re Studio Movie Grill Holdings, LLC, et al.,*
  Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021) ....................................................... 16

*In re Tuesday Morning Corp., et al.,*
  Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021) ................................................... 16

*Johnson v. Georgia Highway Express, Inc.,*
  488 F.2d 714 (5th Cir. 1974) ..................................................................................................... 15

*Tony Cullo Motors I, L.P. v. Chapa,*
  212 S.W.3d 299 (Tex. 2006).......................................................................................................... 8

*Varner v. Cardenas,*
  218 S.W.3d 68 (Tex. 2007).................................................................................................... 8, 9

DOCS_NY:46479.5 36027/004

**RESPONSE IN SUPPORT OF PLAINTIFF'S PROPOSED
FORM OF JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), plaintiff in the above-referenced procedurally-consolidated adversary proceedings (the "Adversary Proceedings"), files this response (the "Response") to *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs* (the "Objection")[1] in further support of its *Proposed Form of Judgment* and its *Notice of Attorneys' Fees Calculation and Backup Documentation* (the "Notice")[2] filed on August 5, 2022. The above-captioned Defendants raise seven concerns in their Objection regarding the reasonableness and collectability of fees detailed in the Notice as having been actually incurred by Plaintiff's lead counsel, Pachulski Stang Ziehl & Jones LLP ("PSZJ"). The first six of Defendant's objections lack merit. The seventh is not so much an objection as it is a request that does not concern Plaintiff.

### Objection #1: Mathematical Error

1.  Defendants allege that the Notice overstated PSZJ's fees by $395,996.50. Objection at 5-6. Defendants are mistaken. There are two reasons for the gap between the calculations set forth in the Notice and Defendants' calculations.

2.  ***First***, Plaintiff inadvertently omitted from the Notice PSZJ's invoices for January and February 2022.[3] Those months were particularly active and PSZJ's fees and expenses totaled

---

[1] The defendants (collectively, the "Defendants" and together with Plaintiff, the "Parties") filed identical copies of their Objection in each of the Adversary Proceedings. *See* Adv. Pro. No. 21-03003-sgj, Docket No. 204; Adv. Pro. No. 21-03004-sgj, Docket No. 173; Adv. Pro. No. 21-03005-sgj, Docket No. 221; Adv. Pro. No. 21-03006-sgj, Docket No. 226; and Adv. Pro. No. 21-03007-sgj, Docket No. 221.

[2] *See* Adv. Pro. No. 21-03003 at Docket No. 197; Adv. Pro. No. 21-03004 at Docket No. 169; Adv. Pro. No. 21-03005 at Docket No. 214; Adv. Pro. No. 21-03006 at Docket No. 219; and Adv. Pro. No. 21-03007 at Docket No. 214.

[3] *See Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (*see, e.g.*, Adv. Pro. No. 21-03003-sgj, Docket No. 206) ("Morris 9/27 Dec."), **Exhibits B** and **C**.

1

$307,493.50 (almost 80% of the alleged "math error"). Plaintiff is simultaneously moving to supplement the record to add these two inadvertently omitted invoices.

3.　　*Second*, during the period December 1, 2020 through August 10, 2021, timekeepers at PSZJ recorded time spent on the Notes Litigation under the general code "BL" (for "Bankruptcy Litigation") where time spent on litigation matters other than the Notes Litigation was also recorded.[4] In the documentation supporting the Notice, all unrelated work was redacted and no compensation is sought with respect to the redacted entries. However, Plaintiff *does* seek compensation for the unredacted entries that are part of the "cost of collection." Defendants identified the issue but asserted it was "unduly difficult to decipher." Objection at 6, n. 2. That's overstated. While perhaps a bit tedious, it is not at all difficult to calculate: for each partially-redacted entry for which compensation is sought, Plaintiff simply added the total unredacted time and multiplied it by the timekeeper's hourly rate.

4.　　The results are easy to see. Attached as **Exhibit 1** is a summary of each month's fees charged by PSZJ for the Notes Litigation that are part of Plaintiff's "cost of collection" (at least through July 31, 2022) (the "Summary"). Attached as **Exhibits 2** through **10**, respectively, is the "backup" to the Summary for each month from December 2020 through August 10, 2021 (the "Backup"). The Backup shows each entry for the applicable month for which compensation is sought as part of Plaintiff's "cost of collection," including all the unredacted portions of the invoices.[5]

---

[4] This issue most commonly (but not exclusively) occurred between December 1, 2020 and August 10, 2021 when time spent on the Notes Litigation was recorded in PSZJ's broad "Bankruptcy Litigation" (or, "BL") code where other litigation matters were also recorded. *See Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment* (Adv. Pro. No. 21-03003-sgj, Docket No. 197) ("Morris 8/5 Dec.") ¶ 7.

[5] As an example, on January 21, 2021, Hayley Winograd recorded time under the "BL" code. Except for two entries totaling 0.5 hours, none of the entries concerned the Notes Litigation, so they were redacted and no compensation is sough for them. But because the two unredacted entries concerned the Notes Litigation, the "backup" for January

2

5.      In sum, there was no error in the Notice.  The Summary includes the value of the Additional Invoices, and the Backup specifically identifies every entry for which compensation is sought.   The total fees and expenses for PSZJ were properly calculated in the aggregate amount of $2,663,585.30.[6]

### Objection #2: Excessive Redaction

6.      Defendants contend that fees should not be awarded for "overly redacted" time entries.  Objection at 6.  Plaintiff does not quarrel with this general principal but notes that it simply does not apply here.

7.      As set forth above and in the declaration filed in support of the Notice,[7] Plaintiff does not seek compensation for any time entry (whether in whole or in part) that was redacted.

### Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims

8.      Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were the "the only claims addressed by the R&R issued by the Court." *See* Objection at 6-13. This argument lacks merit, as the Defendants implicitly acknowledge by quoting the *Tony Cullo Motors* case: "Absent a **contract** or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."[8] The promissory notes at the heart of these Adversary Proceedings constitute

---

2021, includes a line item for Ms. Winograd for January 21, 2021, showing the entries, the time billed, and the total compensation sought (*i.e.*, $695 hourly rate x 0.5 hours = $347.50).  **Exhibit 3**.

[6] After receiving the Objection, Plaintiff provided copies of the Additional Invoices, the Summary, and the Backup to Defendants' counsel in an effort to resolve this portion of the Objection.  Regrettably, Defendants' counsel never responded.  *See* **Morris 9/27 Dec. Exhibit A**.

[7] *See* Morris 8/5 Dec. ¶ 10.

[8] *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (emphasis added) does not help Defendants in the least. The court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim, and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error.

3

contracts under which Plaintiff is entitled to *all* costs of collection, not just those directly incurred on a subset of litigated issues.

9. Section 6 of each promissory note ("Section 6") provides:

**Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, of if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

10. Nothing in Section 6 limits Plaintiff's recovery of "all actual expenses of collection" on any basis. Prevailing on one count of a complaint versus another is irrelevant. The legal nature of one count of a complaint versus another is irrelevant. Whether Plaintiff was effectively forced to amend its complaints to add counts in direct response to Defendants' manufactured and ultimately unproven "condition subsequent" defense, and whether Plaintiff "prevailed" on those additional counts, is irrelevant. Texas decisional law[9] pertaining to circumstances where no contract exists between the litigants providing for an award of attorneys' fees to the prevailing party is irrelevant (and Defendants' own case citation says so).

11. All that matters is that Section 6 expressly provides for Plaintiff to recover "all actual expenses of collection," without limitation or qualification of any kind. Thus, "all" expenses

---

[9] Defendants cite no case where a Texas state court or a federal court refused to enforce an unambiguous provision in a promissory note entitling the note's holder to "all" attorneys' fees; no case limiting fees falling within such a note provision to the noteholder prevailing or not prevailing on a particular count in a complaint; and no case even limiting fees incurred in the unsuccessful prosecution or defense of some motion along the way toward judgment. Notably, *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007), which expressly followed *Tony Cullo Motors*, not only upheld the trial court's award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note, but also allowed the judgment to include attorneys' fees the plaintiff incurred in defending against the defendant's counterclaim:

> But we disagree that fees defending against the [defendant's] counterclaim must be segregated too. By asserting a shortfall in acreage as a defense and counterclaim, [defendant] sought to reduce the amount collected on the note; to collect the full amount, [plaintiff] had to overcome this defense. As [plaintiff's] attorney's efforts to that effect were necessary to recover on their contract, they are recoverable.

4

includes, for example, "all" filing fees, court costs, witness fees and court reporter fees, as well as all expenses associated with discovery. And, as specifically concerns the Objection, "all" means *all* "reasonable attorneys' fees and expenses incurred by" Plaintiff.

12. That Plaintiff incurred significant attorneys' fees in amending the complaints following Defendants' announcement of their fanciful "condition subsequent" defense does not take those fees outside the purview of the word "all." This is especially true because all of the fees Defendants argue should be excluded from the judgments were incurred because of Defendants' own machinations. Rather than acknowledge that they had no meritorious defense to the payment of unambiguous demand notes, all in default, Defendants turned these straightforward collection actions into an orgy of litigation, fabricating meritless defenses, advancing unpersuasive arguments, requiring extensive discovery and numerous depositions, amending their answers, and forcing Plaintiff to amend the complaints to respond to the novel "condition subsequent" defense.

13. *All* of the fees Plaintiff incurred in playing Defendants' cynical game of Whack-a-Mole, in overcoming every obstacle Defendants attempted to place in Plaintiff's path toward judgment—even in responding to Defendants' ill-fated attempt to compel an arbitration of these simple collection matters and Defendants' immediate appeal of this Court's ruling denying their arbitration motion—all of it, for more than a year, is directly attributable to Defendants' own litigation strategies, choices, and impositions on Plaintiff and on this Court.[10] *Defendants*, not Plaintiff, caused the word "all" in the notes to encompass far more fees than might otherwise have been incurred had Defendants not cravenly attempted to defend the indefensible.

14. Defendants' attempt to artificially limit the fees Plaintiff actually incurred in connection with these Adversary Proceedings—which **only** involve the collection of promissory

---

[10] *See Varner v. Cardenas*, 218 S.W.3d at 69.

notes "not paid at maturity … collected through a bankruptcy court …"—ignores the plain meaning of the notes. There is nothing ambiguous about the phrase "all actual expenses of collection." The drafter of the notes should be commended for writing so clear and unambiguous a provision. That drafter, of course, was Mr. Dondero.

### Objection #4: Exclude "Unsegregated" Fees

15. Defendants argue that Plaintiff should not recover fees because counsel's time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties* case. *See* Objection at 13-16. *Clearview Properties* stands for the unremarkable proposition that a plaintiff seeking an award of fees bears the burden of demonstrating that segregation is not required, and asserting that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore, of course, a critical component of these Adversary Proceedings, a component absent from the *Clearview Properties* case: *these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed.

16. Indeed, before most of the fact depositions or any expert discovery was undertaken, the Parties entered into a court-approved Stipulation providing, among other things, that:

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [Adversary P]roceedings are usable as if received in every other [P]roceeding.

*See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues* [Adv. Pro. No. 21-03003-sgj, Docket No. 86] ¶ 4.[11]

---

[11] *See also* Adv. Pro. No. 21-03004-sgj, Docket No. 68 (same); Adv. Pro. No. 21-03005-sgj, Docket No. 70 (same); Adv. Pro. No. 21-03006-sgj, Docket No. 75 (same); and Adv. Pro. No. 21-03007-sgj, Docket No. 70 (same).

6

17. It is disingenuous for Defendants to agree to the consolidation of discovery and then later complain about the consolidation of discovery. Defendants themselves consented to and participated in consolidated hearings on all matters, consolidated discovery in all respects—by agreement, all witnesses, common to the parties, sat for deposition once, not separately for each Defendant—and consolidated proceedings and hearings on summary judgment.

18. Indeed, *all* of the Defendants have now asserted the "conditions subsequent" defense,[12] and even HCMFA relied on the same witnesses as the other Defendants for its remaining defenses, all of whom testified once, and took consolidated discovery with all other Defendants. Defendants' suggestion that the proceedings in these completely consolidated cases remained separate is not credible. Counsel for all Defendants participated in all proceedings in this Court and all discovery because everything was consolidated, just as Defendants themselves wanted.

19. That consolidation only made sense. At all times, each of these Defendants was owned and controlled by Mr. Dondero. All Defendants were close affiliates of one another. The individual Defendants were brother and sister. All Defendants asserted the same fabricated "condition subsequent" defense.[13] All designated the same witnesses to be deposed—once, not several times. All were represented by the same law firms in these consolidated proceedings,

---

[12] While HCMFA did not assert the "conditions subsequent" defense in the main notes litigation, it did so in the follow-up adversary proceeding where Plaintiff seeks to collect on two promissory notes issued by HCMFA that were the subject of a forbearance agreement and that were therefore not included in the main notes litigation. *See* Adv. Pro. No. 21-03082-sgj (the "Second HCMFA Action"). The District Court, *sua sponte*, consolidated the Second HCMFA Action with the main notes litigation (*see* Case No. 3:21-cv-00881-X, Docket No. 49), and Plaintiff moved for summary judgment in the Second HCMFA Action based in substantial part on the evidence adduced in the main notes litigation (*see, e.g.*, Adv. Pro. No. 21-03082-sgj, Docket No. 48 (Plaintiff's Appendix including all documents (including deposition transcripts) used to support its motion for summary judgment in the main notes litigation)). Thus, all Defendants agreed to, and benefitted from, the consolidation of the Adversary Proceedings and discovery for efficiency purposes.

[13] *See* Adv. Pro. No. 21-03082-sgj, Docket No. 48 (Plaintiff's Appendix, Ex. 215 (deposition transcript of James Dondero taken in the Second HCMFA Action), Appx. 4906-07) (agreement that transcripts from main notes litigation could be used in the Second HCMFA Action for efficiency purposes); (Plaintiff's Appendix, Ex. 210 (deposition transcript of Nancy Dondero taken in the Second HCMFA Action), Appx. 4842-43) (agreement that transcripts from main notes litigation could be used in the Second HCMFA Action for efficiency purposes).

appeared at all depositions and all hearings, and obviously collaborated in the defense of these actions. The promissory notes—they all contain Section 6, entitling Highland to "all expenses of collection"—are all functionally identical. To ignore all of this and persist in the pretense that each Defendant has litigated these matters separately from one another is to elevate form over substance and, worse, allow these Defendants to benefit from the consolidation while simultaneously punishing Plaintiff—the prevailing party—for that same consolidation.

20. The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants.[14] The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white. This is ridiculous.

### Objection #5: Plaintiff Should Not Get Fees for "Unsuccessful Litigation"

21. Defendants attempt to highlight three pieces of this lengthy litigation as the sole examples of instances in which Plaintiff did not prevail, then argue unpersuasively that the fees associated with those three pieces are not recoverable.

22. As a threshold matter, the entire argument ignores the simple, unavoidable fact of Section 6, which entitles Plaintiff to "all expenses of collection" without regard to whether Plaintiff

---

[14] None of the cases—even the oddly-included and non-binding case from Florida state court—Defendants cite in support of this particular objection included a consolidation of proceedings against closely-affiliated defendants. None featured consolidated actions on functionally identical, unambiguous promissory notes all made by defendants payable to a close affiliate of the defendants. None featured consolidated discovery using identical witnesses testifying once at deposition for all defendants. None addressed circumstances even remotely resembling these consolidated Adversary Proceedings.

8

prevailed or not on isolated motions along the way to a judgment in full on the merits. As stated above, no law—not Texas state law, not bankruptcy law—requires a successful plaintiff *entitled to **all** costs and fees of collection on a note* to prevail on every jot and tittle in a multi-faceted, multiple-defendant, multi-year litigation in order to have "all expenses of collection" awarded as part of the judgment on the note. None of Defendants' cases in this section of the Objection stands for such a proposition. The only cited case binding on this Court—the *Wal-Mart* case—says nothing of the sort and is otherwise inapplicable because it did not involve an action on a note, or a contract that entitled the prevailing party to all fees, or consolidated litigation against closely-affiliated defendants.[15]

23. Even if Plaintiff's uniform success at every small step on the way to complete victory mattered at all (and it does not), Defendants mischaracterize all three instances of so-called "unsuccessful" litigation:

    a. Defendants moved to strike the Klos declaration attached to Plaintiff's reply appendix in support of summary judgment, (*see, e.g.*, Adv. Proc. 21-3003, Docket No. 169), and the Bankruptcy Court granted the motion to strike on the ground that Plaintiff did not seek leave of court to include the Klos declaration in a reply appendix, (*see id.* at Docket No. 187). Thus, this was a simple evidentiary ruling by the court and does not constitute an example of "unsuccessful litigation."

---

[15] Even the Objection demonstrates *Wal-Mart*'s inapplicability by quoting that case thus: "multiple claims against multiple parties … could have been **easily segregated** …." 647 F.3d 237, 244, 246–48 (5th Cir. 2021) (emphasis added). In that case, the plaintiff did *not* prevail against all the defendants, as Highland did here. The defendants were unaffiliated, and there was no mention of the type of deep consolidation of all proceedings in that litigation that typified these Adversary Proceedings.

9

        b.        Plaintiff did not "lose" its "motion for sanctions."[16] The motion Defendants refer to was not a stand-alone motion for sanctions. That motion[17] was a single motion seeking two forms of relief: (i) the striking of an argument in opposition to summary judgment that was precluded by a prior court order; and (ii) sanctions for that conduct. Plaintiff *prevailed* on that motion because this Court granted the motion to strike. Yes, the Court declined to award sanctions, but it granted the motion.[18] It would have been impossible to parse the work done with respect to the striking of the impermissible argument from the work done with respect to seeking sanctions for pursuing the same impermissible argument. Not surprisingly, Defendants cite no law that would award fees for prevailing on one form of relief in a motion while denying fees for not prevailing on another form of relief in the same motion based on the same conduct and advancing the same arguments. Such a rule, especially in the present circumstances, would be absurd. Plaintiff prevailed on that motion and, even ignoring that Plaintiff is entitled to *all* fees under the notes, Plaintiff's fees incurred in connection with that motion would be awardable even under Defendants' theory.

        c.        Plaintiff's efforts to consolidate these proceedings before a different district court judge than that ultimately received these cases were undeniably a part of the integrated tactics and actions taken in these collection cases. It is technically true that Plaintiff did not prevail in its effort to consolidate these cases before that other judge, but those were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes. No one "wasted everyone's time …."[19] Compared with months and months of litigation caused by

---

[16] Objection at 17.

[17] Adv. Proc. No. 21-3006, Docket No. 162.

[18] Adv. Proc. No. 21-3006, Docket No. 208.

[19] Objection at 18. Indeed, as the Bankruptcy Court explained, the Plaintiff followed the "typical procedure in consolidation actions" but the District Court consolidated the cases before a different judge for reasons of "judicial

Defendants' pulling the "condition subsequent" defense out of the ether, then litigating a meritless arbitration demand (and then appealing this Court's rejection of that demand), Plaintiff's initial consolidation motion, resolved over the course of a couple weeks, is hardly unreasonable. And, again, none of this matters because the notes entitle Plaintiff to "all expenses of collection."

### Objection #6: PSZJ's Rates Are Too High

24. Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates that some law firms located in Dallas charge for similar services. But this Court has already approved PSZJ's rates as reasonable under Bankruptcy Code § 330 after Defendant NexPoint opposed PSZJ's final fee application in the administrative case.[20] Moreover, this Court has already heard argument regarding PSZJ's billing rates and has already approved those rates as reasonable under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[21]

25. Wholly aside from the reasonableness of PSZJ's rates in relation to the complexity of this Chapter 11 case, the notably high value of the estate's assets, and the unrestrained litigiousness Mr. Dondero and his entities foisted on these proceedings, it is worth emphasizing that Mr. Dondero, in his capacity as President of Highland, personally hired Plaintiff's counsel when he controlled Highland and agreed, in writing, to the very fee structure and rates (albeit with

---

efficiency" and "due to certain other factors." *See Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants*, Adv. Pro. No. 21-03003-sgj, Docket No. 191 at 4, n.5.

[20] *See* Case No. 19-34054-sgj11 (the "Bankruptcy Docket"), Docket No. 2906, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* at 37–39 (describing how PSZJ's fees satisfied the so-called *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); Bankruptcy Docket No. 3055, *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* (the "Final Fee Order").

[21] Although it is true that Defendant NexPoint timely appealed this Court's Final Fee Order, the District Court dismissed that appeal without reaching the merits because NexPoint lacked appellate standing under the Fifth Circuit's "person aggrieved" standard. *See NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP et al.*, case no. 3:21-cv-03086-K (N.D. Tex.), Docket No. 37, *Memorandum Opinion and Order*. Unsurprisingly, NexPoint has now appealed the District Court's dismissal order to the Fifth Circuit Court of Appeals and will undoubtedly ask the Fifth Circuit to overturn the "person aggrieved" standard adopted and re-adopted in decades of the Court of Appeals' own jurisprudence.

11

disclosed, annual increases customary in the industry) he now complains about. The irony of Defendants now objecting to PSZJ's rates is almost too much. Mr. Dondero and the other Defendants he owns and controls cannot now be heard to object to fee rates that he agreed to when he engaged PSZJ to act as Highland's primary Chapter 11 counsel.

26. PSZJ's fee rates have also been approved as reasonable in other Chapter 11 cases in this District in cases not as complex as this one and in cases that did not feature a vexatious litigant bent on making good on his threat to "burn the place down." *See, e.g.*, *In re Studio Movie Grill Holdings, LLC, et al.,* Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021), Docket No. 989; *In re Tuesday Morning Corp., et al.,* Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021), Docket No. 2214.

**Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable**

27. Finally, Defendants express dissatisfaction with Plaintiff's proposed equal distribution of awarded fees among all five Defendants. Plaintiff is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors.

**CONCLUSION**

28. The Objection lacks merit in all respects. Plaintiff is entitled to "all expenses of collection" of all notes, which includes all fees Plaintiff incurred in this consolidated set of Adversary Proceedings made endlessly complicated and litigious by the very Defendants now seeking to prevent Plaintiff from recovering fees under the unambiguous provision of promissory notes Mr. Dondero wrote. The Court should overrule the Objection and include in the final judgment in this matter all fees and costs submitted to this Court in the Notice and otherwise.

Dated: September 27, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
  jmorris@pszjlaw.com
  gdemo@pszjlaw.com
  hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

13